**NATIONAL GYPSUM COMPANY, Appellant,**

v.

**KIRBYVILLE INDEPENDENT SCHOOL DISTRICT, et al., Appellees.**

No. 09–88–330 CV.

Court of Appeals of Texas, Beaumont.

April 27, 1989.

As Corrected May 1, 1989.

Rehearing Denied May 18, 1989.

Cynthia Hollingsworth, Dallas, A.W. Davis, Jr., Newton, Kevan F. Hirsch, Philadelphia, Pa., Curtis L. Frisbie, Jr., Dallas, for appellant.

Martin Dies, Orange, Richard C. Hile, Jasper, for appellees.

## OPINION

PER CURIAM.

This is an interlocutory appeal of an order determining that this asbestos-in-buildings case should be maintained as a class action under Rule 42 of the Texas Rules of Civil Procedure on behalf of certain Texas school districts, Appellees, against the National Gypsum Company, Appellant. The school districts are:

1. Abilene Independent School District
2. Albany Independent School District
3. Alice Independent School District
4. Amarillo Independent School District
5. Angleton Independent School District
6. Arkansas Cty. Independent School District
7. Arlington Independent School District
8. Austin Independent School District
9. Banquet Independent School District
10. Bastrop Independent School District
11. Beaumont Independent School District
12. Birdville Independent School District
13. Boerne Independent School District
14. Bridge City Independent School District
15. Brownfield Consolidated Independent School District
16. Burleson Independent School District
17. China Spring Independent School District
18. Clear Creek Independent School District
19. Columbia Brazoria Independent School District

20. Connally Independent School District
21. Corpus Christi Independent School District
22. Corsicana Independent School District
23. Crockett Independent School District
24. Dallas Independent School District
25. Dayton Independent School District
26. Deer Park Independent School District
27. East Chambers County Independent School District
28. Ector County Independent School District
29. Fort Worth Independent School District
30. Fort Sam Houston Independent School District
31. Friendswood Independent School District
32. Galena Park Independent School District
33. Goose Creek Independent School District
34. Harlandale Independent School District
35. Hitchcock Independent School District
36. Houston Independent School District
37. Huffman Independent School District
38. Hurst–Euless–Bedford Independent School District
39. Irving Independent School District
40. Jourdanton Independent School District
41. La Feria Independent School District
42. La Grange Independent School District
43. Lamar Consolidated Independent School District
44. Lubbock Independent School District
45. Lufkin Independent School District
46. Meadow Independent School District
47. Mesquite Independent School District
48. Midland Independent School District
49. Needville Independent School District
50. North East Independent School District
51. North Forest Independent School District
52. Pasadena Independent School District
53. Plemons–Stinett–Phillips Consolidated Independent School District
54. Port Arthur Independent School District
55. Richardson Independent School District
56. Riesel Independent School District
57. San Antonio Independent School District
58. San Marcos Independent School District
59. Sequin Independent School District
60. Snyder Independent School District
61. South San Antonio Independent School District
62. Southwest Independent School District
63. Spring Branch Independent School District
64. Waco Independent School District
65. West Oso Independent School District
66. West Rusk County Independent School District

The order certifying the class action by the trial court follows:

"In The District Court of Jasper County State Of Texas

Kirbyville Independent

School District, et al

vs.

National Gypsum Company

Cause No. 12,301

"ORDER

"This is an action for property damage brought by Kirbyville Independent School

District ("Kirbyville") against National Gypsum Company ("National Gypsum") wherein Kirbyville asserts that it has sustained property damages as a result of the installation of asbestos-containing ceiling material within its buildings. Kirbyville alleges that the presence of the asbestos-containing ceiling and fireproofing material in its building constitutes a potential health hazard which requires its removal.

"Kirbyville brings this suit in its individual capacity and as a representative of approximately 300 public independent school districts in Texas or in the alternative, 66 named independent school districts, each of which has opted-out of the *In Re: School Asbestos Litigation*, Master File No. 83–0268 ('National Class Action'), and whose buildings allegedly contain asbestos-containing material manufactured by National Gypsum. The case is presently before the Court on Kirbyville's motion for class certification.

"The Court having considered Kirbyville's motions to certify class, the facts and material introduced, briefs of the parties, and argument of counsel at the hearing held on May 6, 1988 finds that Kirbyville has met the requirements of Rule 42(a) and (b)(4) of the Texas Rules of Civil Procedure, and that a class composed of 66 named school [sic] independent school districts should be certified.[1]

### "NUMEROSITY

"Kirbyville's proposed class meets the requirement of numerosity. This determination is not based on numbers alone, however, but on whether joinder of all members is practicable in view of the size of the class and such other factors as judicial economy, the nature of the action, geographical location of class members and the likelihood that class members would be unable to prosecute individual lawsuits. See *Philips [Phillips] v. Joint Legislative*

---

1. "The 66 independent school districts which compose this class are duly set out in Kibyville's Supplemental Alternative Motion to Certify Class."

2. "Because Rule 42 is patterned after Federal Rule of Civil Procedure 23, federal decisions are

*Committee*, 637 F.2d 1014, 1022 (5th Cir. 1981), *cert. denied*, 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982); *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir.1981).[2] The size of the proposed class, as well as National Gypsum's actions in this case, points out the impracticability of joinder. Moreover, consideration of the other factors, especially judicial economy and the nature of this particular action, makes this litigation an ideal candidate for class certification.

### "COMMONALITY

"National Gypsum does not dispute that there are questions of fact and law common to all members of the class. Its disagreement concerns the significance of those issues. The Court finds that the following common issues exist:

"(1) the health hazard of asbestos, and the potential hazard posed to building occupants from asbestos-containing materials during conditions of normal use;

"(2) Defendant's knowledge of the danger;

"(3) Defendant's failure to warn or test;

"(4) Defendant's participation in a conspiracy in the formation of or an adherence to industry-wide practices; and

"(5) Defendant's conduct justifying the imposition of punitive damages.

The first four of these issues have been identified as common issues by other courts in considering motions to certify class composed of similarly situated school districts. *See In Re: School Asbestos Litigation*, 789 F.2d 996, 1000 (3d Cir.), *cert. denied*, 479 U.S. 852, 107 S.Ct. 182, 93 L.Ed.2d 117 (1986); *Board of Educ. of the School Distr. of the City of Detroit v. The Celotex Corp., et al*, No. 84–429634–NP (Wayne County, Mich., Cir.Ct.1985).

persuasive in interpreting the Texas rule. *Wiggins v. Enserch Exploration, Inc.*, 743 S.W.2d 332, 335 (Tex.App.—Dallas 1987, writ dism'd w.o.j. 1988); *R.S.R. Corp. v. Hayes*, 673 S.W.2d 928, 931–32 (Tex.App.—Dallas 1984, writ dism'd w.o.j.)."

## "TYPICALITY

"The Court finds that the claims and defenses of Kirbyville have the same essential characteristics as those of the class. *Wiggins*, 743 S.W.2d at 334. National Gypsum asserts that the differences in numbers of buildings in school districts, the dates of construction, the condition of the material, the type of product installed, the variations, types and uses of classrooms, each suggest that claims of the school districts are not typical. However, it is apparent that these individual issues are not critical to the resolution of the common issues found by the Court, which essentially concern National Gypsum's conduct and liability. As National Gypsum noted in its Brief in *In Re: Asbestos Litigation:*

> " '[W]ith respect to these common issues [those enumerated in the National Class Action], the facts and defenses available to the claim of any one plaintiff are equally applicable to the claims of the others,.... For this reason, the issues are eminently suitable for disposition through Rule 23 certification pursuant to subparagraph (b)(2) and (c)(4)(A). Brief of National Gypsum, *In Re: Asbestos School Litigation,* p. 22, 3d Cir.1985.'

"Furthermore, the claims need not be identical, but only 'substantially similar.' *Wiggins*, 743 S.W.2d at 335. In this case, Kirbyville's claims are virtually identical to those of the class members. In fact, the class members have the same legal claims against National Gypsum, arising from the same factual circumstances. *See In Re: Asbestos School Litigation,* 104 F.R.D. 422, 430 (E.D.Pa.1984), *aff'd,* 789 F.2d 996 (3d Cir.), *cert. denied,* 479 U.S. 852, 107 S.Ct. 182, 93 L.Ed.2d 117 (1986). Clearly, Kirbyville has met its burden of establishing typicality under Rule 42(a)(3).

## "ADEQUACY OF REPRESENTATION

"There is no antagonism between Kirbyville and other class members, nor does the evidence support the finding that Kirbyville will not vigorously defend the class members' interest. *See Wiggins,* 743 S.W.2d at 335. Rather, the Court concludes that Kirbyville will fairly and adequately protect the interest of the class.

"National Gypsum also argues that the length of time during which Plaintiff's Motion to Certify Class has been pending establishes that Kirbyville will not adequately represent the class members' interest. However, it appears that any attempt by Kirbyville to proceed with certification of this class until the opt-out date provided for in National Class Action had passed would have been premature, if not futile.

## "PREDOMINANCE OF COMMON ISSUES

"While, as previously noted, National Gypsum admits that there may be common issues, it argues that the common issues do not predominate over the individual issues. As noted in *Brister v. Life Insurance Company of the Southwest,* 722 S.W.2d 764 (Tex.Civ.App.—Ft. Worth, 1986), the test in evaluating 'predominance' of issues is not whether common issues outnumber individual issues, but whether common or individual issues will be the object of most of the efforts of the litigants and the Court. Where common issues represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis. *See* 7A Wright & Miller, *Federal Practice and Procedure* sec. 1778 at 528.

"It is not necessary that all issues be resolved in the initial trial. In fact, the 'resolution of one issue or a small group of them may so advance the litigation that they may fairly be said to predominate.' *In Re: Asbestos School Litigation,* 789 F.2d at 1010. In discussing the 'predominance' issue, the Third Circuit noted that:

> " 'Experience show [sic] that in the asbestos litigation arena redundant evidence is the rule rather than the exception. In case after case, the health issues, the question of injury causation, and the knowledge of the defendants are explored, often by the same witnesses ...

" 'The use of the class action device appears to offer some hope of reducing the expenditure of time and money needed to resolve the common issues which are of substantial importance. As the *Jenkins* court commented, "It is difficult to imagine that class jury findings on the class questions will not significantly advance the resolution of the underlying hundreds of cases...." 789 F.2d at 1010.'

"National Gypsum cites 16 individual issues which it asserts are critical in this litigation. Several of these issues will have to be addressed, yet this does not detract from the fact that common issues found by the Court are significant and the determination of them will substantially advance the resolution of claims of all members of the class.

"SUPERIORITY OF CLASS ACTION

"The Court having considered the factors set out in Rule 42(b)(4) concludes that the class action procedure is superior to other methods available for the adjudication of the claims of the class members. First, the class adopted is essentially a voluntary class. Thus, the class members have indicated their interest in resolving of the common issues in this forum. Second, the class members will benefit greatly from the discovery already commenced by Kirbyville. This will eliminate duplication of time and effort on both parties' behalf, and will ensure an expedited resolution of these common issues. Third, Kirbyville's suit is already pending in this Court. Discovery has taken place and the Court has invested time and effort in familiarizing itself with the issues in dispute. The resolution of these common issues can be done effectively and expeditiously in this forum. Finally, any difficulties which might arise in management of the class are outweighed by the benefits of class-wide resolution of these significant issues.

"SUFFICIENCY OF THE EVIDENCE

"National Gypsum argues that Kirbyville has failed to introduce sufficient evidence to establish its right to maintain this action as a class action. To accept National Gypsum's contention would require this Court 'to try [in part] the substantive merits of the class proponents' claim when considering their motion for class certification,' clearly this is inappropriate. *See Brister*, 764 [722] S.W.2d at 722 (so long as trial judge has 'sufficient material before him to determine the nature of the allegations, and rule on compliance with the Rule's requirements, and he bases his ruling on that material, his approach cannot be faulted because plaintiffs' proof may fail at trial') (quoting *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir.1975)).

"The pleadings and material introduced by Kirbyville in support of its Motion to Certify are sufficient to establish its right to maintain this action as a class action. This certification, of course, may be altered, amended or withdrawn at any time before final judgment. Rule 42(c)(1). Thus, at this stage the better practice, as noted in *Brister*, 722 S.W.2d at 774, is to 'err in favor and not against maintenance of the class action since the class certification order is always subject to modification should later developments during the course of the trial so require.'

"It is therefore ORDERED that Kirbyville's Alternative Supplemental Motion for Certification of a Limited Class comprised of 66 named independent school districts, each of which has opted out of the National Class, and each of which claims to own or operate buildings which contain or contained asbestos-containing ceiling or fireproofing material manufactured by National Gypsum be, and the same is, hereby GRANTED.

"SIGNED this 18 day of November, 1988.

/s/ O'Neal Bacon
JUDGE PRESIDING"

From this order, National Gypsum Company perfects appeal to this court. The parties will be referred to herein as Appellant and Appellees.

■ Appellant's point of error number one states:

"The trial court abused its discretion in determining that this action may be maintained as a class action because there was no evidence, or in the alternative insufficient evidence, that there is a definable class."

The argument is that each school district of the potential class must prove that its building contains Appellant's product. As noted in the trial court's order, Texas Rule 42 is patterned after Federal Rule of Civil Procedure 23, so federal decisions are persuasive in interpreting the Texas Rule. *Wiggins v. Enserch Exploration, Inc.*, 743 S.W.2d 332, 335 (Tex.App.—Dallas 1987, writ dism'd w.o.j.); *R.S.R. Corp. v. Hayes*, 673 S.W.2d 928, 931–32 (Tex.App.—Dallas 1984, writ dism'd w.o.j.). *See also TEX.R. CIV.P. 42* Historical Note (Vernon 1979), comment on the "1977 amendment."

In *Rutherford v. United States*, 429 F.Supp. 506, 508–09 (W.D.Okla.1977), *cert. denied*, 449 U.S. 937, 101 S.Ct. 336, 66 L.Ed.2d 160 (1980), it was held that:

"Rule 23 [the Federal Rule] is to be construed liberally, and the class does not have to be so readily ascertainable that every potential member can be identified at the outset. *Carpenter v. Davis*, 424 F.2d 257 (5th Cir.1970). Only the general outlines of the membership of the class must be determinable initially. *Berman v. Narragansett Racing Assn., Inc.*, 414 F.2d 311 (1st Cir.1969)...."

There can be no danger in this proceeding to Appellant for the trial court recognized in his order that individual issues would have to be addressed, and stated, "This certification, of course, may be altered, amended or withdrawn at any time before final judgment."

The well-written case of *Life Ins. Co. of Southwest v. Brister*, 722 S.W.2d 764 (Tex. App.—Ft. Worth 1986, no writ), sets forth, inter alia, the Texas law on such class certification issues. The court in *Brister* stated:

1. Review of a trial court's determination that a case should proceed as a class action is limited to determining whether the trial court abused its discretion.

2. The court must initially identify substantive law issues so that the court can determine whether the character and nature of the case satisfies the requirements of a class action procedure—*not to weigh substantive merits of each class member's claim.*

3. Class action proponents are not required to prove a prima facie case in order to be certified.

4. Maintainability of a class action may be determined on the basis of the pleading.

5. So long as the trial judge has sufficient *material* (not necessarily "evidence") before him to determine the nature of the allegations, and rule on compliance with the Rule's requirements, and he bases his ruling on that *material*, his approach cannot be faulted because plaintiffs' proof may fail. *Id.* at 773, citing *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir.1975).

6. The determination of class status at an early stage of the proceeding before supporting facts are fully developed, should err in favor and not against the maintenance of the class action since the order is always subject to modification.

7. In cases where it appears that the common issues *may* predominate over the individual issues, the most efficient approach for the trial court is to allow class certification at the present time subject to a motion by the defendants after the case has developed to dissolve the class on the grounds that the common questions are not predominant at trial. *Brister* at 775, citing *Bryan v. Amrep Corp.*, 429 F.Supp. 313, 320 (S.D. N.Y.1977).

8. To obtain reversal of a judgment based upon an error in the trial court, Appellant has a two-pronged burden. First, he must show that there was, in fact, error, and secondly, that such error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *Brister* at 775, citing authorities. "The policy of Texas Courts is to refuse to set aside or reverse judgments for errors of law committed during the trial unless, in the sound judg-

ment of the appellate court, the errors contributed in a substantial way to bring about an unjust result." *Id.*

Indeed, it is difficult for us to imagine a more "definable class." Each is a Texas Independent School District proceeding as recommended by the United States Congress, and the Attorney General. 20 U.S. C. sec. 3601(a)(6). Attorney General's Asbestos Liability Report to the Congress, Sept. 21, 1981. Appellant previously joined in an effort to make all school districts in America join a class action in Philadelphia, Pa., and represented in that effort the exact opposite to the position they now take before this court. *In re Asbestos School Litigation,* 104 F.R.D. 422 (E.D.Pa.1984), *aff'd in part and vacated in part,* 789 F.2d 996 (3rd Cir.1986), *cert. denied,* 479 U.S. 852, 107 S.Ct. 182, 93 L.Ed.2d 117 (1986). This point of error is overruled.

■ The second point of error maintains the trial court abused its discretion in not ordering a joinder of the school districts because there was no evidence or insufficient evidence that joinder was impracticable. The trial court had this to say on joinder:

"Kirbyville's proposed class meets the requirement of numerosity. This determination is not based on numbers alone, however, but on whether joinder of all members is practicable in view of the size of the class and such other factors as judicial economy, the nature of the action, geographical location of class members and the likelihood that class members would be unable to prosecute individual lawsuits. See *Philips [Phillips] v. Joint Legislative Committee,* 637 F.2d 1014, 1022 (5th Cir.1981); *cert. denied,* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982); *Zeidman v. J. Ray McDermott & Co.,* 651 F.2d 1030, 1038 (5th Cir.1981). The size of the proposed class, as well as National Gypsum's actions in this case, points out the impracticability of joinder. Moreover, consideration of the other factors, especially judicial economy and the nature of this particular action, makes this litigation an ideal candidate for class certification." (footnote omitted)

Appellant never requested findings of fact or conclusions of law. Thus, all questions of fact must be presumed found in support of the judgment, and the judgment must be affirmed if it can be upheld on any legal theory supported by the pleadings and the evidence. *Grant v. Austin Bridge Constr. Co.,* 725 S.W.2d 366, 369 (Tex.App. —Houston [14th Dist.] 1987, no writ).

In reviewing the sufficiency of the evidence introduced at the hearing, the appellate court must consider only the evidence favorable to the trial court's findings and must disregard any contrary evidence. *Stedman v. Georgetown Savings & Loan Assoc.,* 595 S.W.2d 486 (Tex.1979). And all disputed questions of fact must be resolved in support of the trial court's judgment. *Greenway Parks Home Owners Assoc. v. City of Dallas,* 159 Tex. 46, 312 S.W.2d 235 (1958). Moreover, it is presumed the trial court did not consider improper evidence. *Gillespie v. Gillespie,* 644 S.W.2d 449, 450 (Tex.1982). Reversal is not justified unless an examination of the record as a whole shows that the improper evidence was calculated to cause, and probably did cause, the rendition of an improper judgment. *TEX.R.APP.P. 81.* We cannot find that the trial court abused its discretion in holding that joinder of all these cases was impracticable. This point of error is overruled.

Point of error number three contends Kirbyville is not typical of the other Texas school districts which it purports to represent. The typicality requirement of Rule 42 is satisfied when the claims of the class representative have "the same essential characteristics of those of the class as a whole." *Wiggins v. Enserch Exploration, Inc.,* 743 S.W.2d 332, 334–35 (Tex.App.— Dallas 1987, writ dism'd w.o.j.). The claims need not be identical, but only substantially similar. *Id.* at 335. Here, Kirbyville's claims are identical, which could have been determined on Plaintiff's fourth amended original petition alone. *Brister, supra.* But the court had before it prior representations of Appellant, other circumstances,

as well as testimony, to buttress his finding. This point of error is overruled.

■ Point of error number four contends that there was no or insufficient evidence to show that Kirbyville is an adequate class representative. It is Appellant's contention that Kirbyville did not move quickly enough to certify the class. However, Kirbyville could not proceed until resolution of the Philadelphia National Class Action. In a Motion for a Stay of Proceedings filed November 20, 1986, Appellant argued: "Until such time as notice of the National Class Action and an opportunity to opt-out are provided to the members of the putative class sought to be certified by Plaintiff in this case, all further proceedings in this matter should be stayed." This point of error is overruled.

■ Point of error number five urges there is no or insufficient evidence that common questions will predominate. The test of the predominance requirement of Rule 42(b) is not whether common issues outnumber individual issues, but whether common or individual issues will be the object of most of the inquiry. *Republic National Bank of Dallas v. Denton & Anderson Co.*, 68 F.R.D. 208 (N.D.Texas 1975); *Life Ins. Co. of Southwest v. Brister, supra.* The common issues here predominate over individual ones, i.e., Does the school have dangerous products manufactured by Appellant in its plant? Did Appellant know or have reason to know of this danger at the time of delivery or construction? Appellant recognized this truth in its brief to the Third Circuit in the National Class Action heretofore alluded to. This point of error is overruled.

■ The sixth point of error challenges whether the court had evidence sufficient to establish that the class action is superior to other methods for resolution of the school districts' claims. With sixty-six school districts making the identical claims, we find it difficult to accept Appellant's position. We believe the Texas Rule, now fashioned from the Federal Rule, was designed to meet this type of case, as Appellant has previously argued before the Third Circuit. The only alternative would be a case by case review, or joinder of some districts permitted by the venue statutes. Each would involve much greater judicial effort, duplication of discovery, greater numbers and time consumed by attorneys, witnesses, etc.

Appellant cites us 7A C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE sec. 1779, at 554 (1986), stating where practicable class actions are superior, "inasmuch as judicial economy is served best by one action in which all the claims are litigated." We agree with this statement. This point of error is overruled.

Points seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, and fifteen, all complain because of one reason or other of the admission of certain material or testimony by the trial court. While it is probably true that in a trial on the merits some of this material would be objectionable as "evidence"; nevertheless, in a preliminary hearing such as this, it would be unwise to require the trial court to try the case on its merits. That is why, we think, the word "materials" is used in *Brister, supra,* rather than "evidence." Furthermore, *Gillespie v. Gillespie,* cited previously, tells us to presume the trial court did not consider improper testimony. These points of error are overruled.

The judgment or order of the trial court certifying the class action is affirmed.