William P. CLEMENTS, Governor of the State of Texas, et al., Appellant,

v.

The LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., Appellee.

No. 13–90–146–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 6, 1990.

Rehearing Overruled Jan. 10, 1991.

James C. Thompson, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Mary F. Keller, First Asst. Atty. Gen., 1st Atty. Gen. for Litigation, Lou McCreary, Executive Asst. Atty. Gen., Atty. Gen. Office, James C. Todd, Chief, General Litigation Div., Kevin T. O'Hanlon, Toni Hunter, Asst. Attys. Gen., Austin, for appellant.

Judith A. Sanders–Castro, Guadalupe T. Luna, MALDEF, San Antonio, Susan E. Brown, MALDEF, San Francisco, Cal., Maria Estella Perez, Brownsville, Yolanda Garza, San Benito, Antonio Hernandez, E. Richard Larson, MALDEF, San Francisco, Cal., Albert H. Kauffman, Norma V. Cantu, Rolando Rios, Jose Garza, Mexican American Legal & Educational Fund, San Antonio, for appellee.

Before NYE, C.J., and DORSEY and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

This interlocutory appeal arises from a lawsuit complaining that Texas discriminates against persons of Hispanic origin in higher education, in violation of the Texas Constitution. The trial court certified a class action in the suit for injunctive and declaratory relief, and made 47 "findings of fact and conclusions of law." Appellants present four points of error contesting the class certification and the bringing of the suit in Cameron County rather than in Travis County. We affirm.

The petition complains of the distribution of State educational programs and money, alleging discrimination against persons of Mexican–(Hispanic) origin in violation of the Texas Constitution. Specifically, plaintiff-appellees allege violation of the Equal Rights and Equality Under the Law provisions, Tex. Const. art. I, § 3 and § 3a. Plaintiffs contend, among other things, that the Mexican–(Hispanic) population is concentrated in a 41–county area called the Border Area, and that opportunities for higher education are the lowest in the State in this area. They also allege discriminatory policy and practice in failure to develop or adopt programs to meet the special needs of Mexican Americans, discriminatory policy and practice in admissions to graduate and professional programs, as well as lack of recruitment, retention efforts, and financial aid.

By point one, appellants contend that the named plaintiffs have no standing to sue, and that the trial court thus lacked jurisdiction to certify a class action. The class, certified pursuant to Tex.R.Civ.P. 42, consists of "All persons of Mexican–(Hispanic) ancestry who reside in the Border area consisting of 41 contiguous counties along the border in Texas and who are now or will be students at Texas Public Senior Colleges and Universities or Health Related Institutions (or who would be or would have been students at Texas Senior (sic) Public Senior Colleges and Universities or Health Related Institutions were it not for the resource allocation policies and practices complained of in Plaintiffs' petition.) This class does not include persons with claims for specific monetary or compensatory relief."

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law, or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Tex.R.Civ.P. 42(a). Additionally, the class must meet the tests in Tex.R.Civ.P. 42(b)(1), (2), (3), or (4). The trial court found that appellees had satisfied the requirements of 42(a), 42(b)(2), and 42(b)(4),[1] and that the plaintiffs were appropriate representatives of the class.

SCOPE OF APPEAL

An appellate court has jurisdiction of an appeal from an interlocutory order only when specifically authorized by statute. *Laurie v. Stabel*, 482 S.W.2d 652, 654 (Tex.Civ.App.—Amarillo 1972, no writ); *Byer v. Dallas Power & Light Co.*, 290 S.W.2d 948, 950 (Tex.Civ.App.—Dallas 1956, no writ) (venue); *see Browne v. Bear, Stearns & Co.*, 766 S.W.2d 823, 824 (Tex. App.—Dallas 1989, writ denied). We construe appellants' points as the interlocutory challenge to certification which Tex.Civ. Prac. & Rem.Code Ann. § 51.014(3) (Vernon Supp.1990) permits.[2]

We review "standing" only through the Rule 42(a)(3) requirement that a class representative have claims typical of the class and the Rule 42(a)(4) requirement that the representative will adequately protect class interests. *See Texas Dept. of MHMR v. Petty*, 778 S.W.2d 156, 164 (Tex.App.—Austin 1989, writ dism'd w.o.j.). Thus the question presented is whether the class representatives made a sufficient showing that they meet the requirements of 42(a)(3) and (4). As pointed out in *National Gypsum Co. v. Kirbyville Indep. School Dist.*, 770 S.W.2d 621, 627 (Tex.App. —Beaumont 1989, writ dism'd w.o.j.), the court must initially identify substantive law issues to determine whether the character and nature of the case satisfies the requirements of a class action procedure—*not to weigh substantive merits of each class member's claim.*

The probability of plaintiffs' success on the merits of their claims is an improper standard by which to measure class certification. *Wiggins v. Enserch Explor., Inc.*, 743 S.W.2d 332, 335 (Tex.App.— Dallas 1987, writ dism'd w.o.j.); *see Smith v. Lewis*, 578 S.W.2d 169, 172 (Tex.Civ.App. —Houston [14th Dist.] 1979, writ ref'd n.r. e.). Class proponents are not required to prove a prima facie case to be certified as a class. *National Gypsum*, 770 S.W.2d at 627; *Life Ins. Co. of the Southwest v. Brister*, 722 S.W.2d 764, 772 (Tex.App.— Fort Worth 1986, no writ).

1. Finding # 39 states that the claims of the named plaintiffs are typical of those of the class in that all of the plaintiffs seek equal rights and equal expenditures for the border area and because of certain common elements, including (enumerated in Finding # 38) that they raise the common issue of the constitutional challenge regarding the unequal distribution of State resources for higher education in this part of Texas, and that the plaintiffs and their proposed class: come from the poorest area of the state, and reside in an area which is predominantly Mexican–American, which is characterized by lower educational attainment than the rest of Texas, which has fewer higher education, graduate, and professional programs available as compared to existing programs state-wide, which has a history of discrimination and segregation against Mexican–Americans, and which is contiguous to or in close proximity to Mexico. Finding # 40 is that the named plaintiffs will adequately represent the interest of the class as a whole, and finding # 41 states that they have no adverse interests. Finding # 25 states that the plaintiffs are appropriate named parties to assert this cause of action in the public's interest, as well as on their own behalf. Findings # 29 and # 30 state that the named class representatives meet all essential criteria and have suffered actual or threatened concrete injury which is non-abstract and not purely speculative.

2. Both appellants and appellees cite as authority appeals from final judgments in class actions. We prefer as authority appeals from class certification decisions, in which the issues are confined to those properly before us.

We also note that this action is brought in State courts under the State Constitution and laws. Thus, we are not constrained by the standing requirements applicable to federal courts under Article III of the U.S. Constitution.

## STANDARD OF REVIEW

■ At the certification stage, the burden of proof is on the plaintiffs to establish the right to maintain the action as a class action. *Life Ins. Co. of the Southwest v. Brister*, 722 S.W.2d 764, 770 (Tex. App.—Fort Worth 1986, no writ); *see National Gypsum*, 770 S.W.2d at 627. Class proponents generally are not required to make an extensive evidentiary showing in support of a motion for class certification. *Brister*, 722 S.W.2d at 773. The trial court may base its decision on the pleadings or other material in the record. *National Gypsum*, 770 S.W.2d at 627.

■ Under Rule 42(c)(1), the trial court may alter, amend, or withdraw class certification at any time before final judgment, or order the naming of additional parties to insure adequate representation. *See Salvaggio v. Houston Indep. School Dist.*, 709 S.W.2d 306, 309–10 (Tex.App.—Houston [14th Dist.] 1986, writ dism'd). Thus, when the trial court makes a determination of class status at an early stage of the proceeding before supporting facts are fully developed, it should favor maintenance of a class action. *National Gypsum*, 770 S.W.2d at 627; *Brister*, 722 S.W.2d at 774–75.

■ Whether a party is a proper representative of a class, and whether a suit should be certified as a class action, is within the trial court's discretion. *Amoco Prod. Co. v. Hardy*, 628 S.W.2d 813, 816 (Tex.App.—Corpus Christi 1981, writ dism'd); *Huddleston v. Western Nat'l Bank*, 577 S.W.2d 778, 780 (Tex.App.—Amarillo 1979, writ ref'd n.r.e.); *see Parker County v. Spindletop Oil & Gas Co.*, 628 S.W.2d 765, 769 (Tex.1982); *National Gypsum*, 770 S.W.2d at 627.

■ The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. Another way of stating the test is whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

## "STANDING" REQUIREMENTS AT CERTIFICATION STAGE

■ Appellants specifically attack the qualifications of those representatives who testified at the certification hearing. As few as one named individual can represent a class. *See Petty*, 778 S.W.2d at 162–63; Tex.R.Civ.P. 42(a).

Rule 42(a)(3) and (4) require only that a class representative have claims typical of those possessed by the class and that the representative fairly and adequately protect the interests of the class. *Petty*, 778 S.W.2d at 161; *Franklin v. Donoho*, 774 S.W.2d 308, 315 (Tex.App.—Austin 1989, no writ); *Wente v. Georgia–Pacific Corp.*, 712 S.W.2d 253, 255 (Tex.App.—Austin 1986, no writ).

■ The "typicality" requirement of Rule 42(a)(3) is satisfied when the evidence shows that the claims or defenses of the class representative have the same essential characteristics as those of the class as a whole. *Wiggins*, 743 S.W.2d at 334–35. The claims or defenses need not be identical or perfectly coextensive, only substantially similar. *Wiggins*, 743 S.W.2d at 335.

■ Additionally, an individual can be found to lack representative capacity if the record suggests that he or she will not protect the class interests under 42(a)(4). *See Petty*, 778 S.W.2d at 161 (typical claim requirement is integral element of 42(a)(4)'s "fair and adequate protection" requirement); *Franklin*, 774 S.W.2d at 315 (permitting dismissal or delays may bear on capacity to represent class); *Salvaggio*, 709 S.W.2d at 310 (preliminary showing of willingness to bear costs not required under 42(a)(4)).

## APPLICATION OF TESTS

■ The issue before us is whether the trial court abused its discretion in certify-

ing a number of individuals as a class to represent all persons of Mexican or Hispanic ancestry who reside in the 41 border counties who are now or will be, or would be or would have been, students at Texas Senior Public Colleges or Universities, or Health Related institutions, but for the policies and practices of the Defendants. We determine whether the trial court could have reasonably concluded that the named plaintiffs assert claims typical of those of the class and that they will adequately represent the interests of the class as a whole. The common issue raised is the lack of equitable distribution of higher education benefits. Each claims to be affected by lack of a program in the border area, inferior quality of a program in the border area, or other discrimination or lack of expenditures for Hispanics on education. Whether such a challenge to the allocation of resources to higher education may be challenged by this class in a court of law is not an issue now. The issue is whether the individual plaintiffs may represent the class.

We now address the particular challenges to the individual plaintiffs made by appellants. We have found no challenge to those plaintiffs, both individuals and organizations, who did not testify at the hearing.

Appellants contend that Miguel Chapa, who complains of the inadequacy of financial aid received at Texas A & M University, is suing over an issue not included in the class suit. We have read the petition and note that it alleges that appellants, individually and in concert, have had a policy and practice of not sufficiently offering financial aid to Mexican Americans. Chapa is now a student at a Texas public senior college and is properly included in the definition of the class.

Appellants argue that Minerva Villarreal, Gilberto Villarreal, Maria Olivia Martinez, Enrique Castillo, Concepcion Sauceda, Rey de los Santos, and Virginia Hernandez cannot represent the class because they are not now qualified candidates for admissions to the academic programs they seek. They contend that they must apply and be admitted to such a program to establish their injury. However, the class includes those who would have been students but for the actions of the defendants.

█ Appellants complain that Minerva Villarreal and Eduardo Hernandez have not demonstrated injury, stating that plaintiffs must show that they are affected differently from other citizens generally to bring suit. This complaint against these particular plaintiffs is not a proper interlocutory challenge to the trial court's action in certifying them as members of the class. Additionally, class proponents are not required to prove a prima facie case or to make an extensive evidentiary showing to be certified as a class. We recognize that the case has not been fully developed in the trial court.

Appellants complain that Anna De Leon, Diana Rivera, and Aurelio Lara sue based on the lack of a law school in the Rio Grande Valley, but have graduated from law school. Thus, they argue, the remedy they seek will not redress any injury to them. In effect, appellants argue that the claims of these plaintiffs are moot, thus they have no complaint, thus no standing to prosecute the action.

The applicable inquiry is whether these plaintiffs have claims typical of the class and whether they will adequately protect the interests of the class. The class has been defined to include those who would have been students at affected institutions but for the actions and practices of defendants. A class so defined does not preclude one from its membership who has already graduated, if other criteria denoting that the representative has a claim typical of the class is present.

Appellants pray that we reverse the order certifying a class and render a final judgment dismissing the plaintiff's case. However, we do not have jurisdiction to enter a final judgment dismissing the case on the merits, whether or not it appears that any issues are moot.

Appellants have failed to show that the trial court abused its discretion by its certification of the class and in concluding that the plaintiffs met the "typicality" and "adequacy of representation" requirements of Rule 42(a)(3) and (4). We overrule point one and decline to address points two through four. *See Guardian Savings & Loan Ass'n v. Williams,* 731 S.W.2d 107, 108 (Tex.App.—Dallas 1987, no writ).

The trial court's order certifying the class is AFFIRMED.