NUMBER
13-99-380-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

____________________________________________________________________

 

McALLEN MEDICAL CENTER, INC.,                                      Appellant,

 

                                                   v.

 

RAMIRO CORTEZ, JR. AND THAT

CLASS OF ALL PERSONS WHO 

UNDERWENT CARDIAC SURGERY AT 

McALLEN MEDICAL CENTER FROM 

DECEMBER 1, 1993 THROUGH

MAY 21, 1999                                                                   Appellees.

____________________________________________________________________

 

      On appeal from the 92nd
District Court of Hidalgo County, Texas.

____________________________________________________________________

 

                                   O P I N I O N

                   Before Justices Hinojosa,
Yañez, and Rodriguez

                                   Opinion
by Justice Yañez








This is an
interlocutory appeal from an order preliminarily certifying a settlement class
and approving a proposed settlement of claims against a settling defendant in a
class action.  Plaintiff/Appellee Ramiro
Cortez, Jr. represents a class of all persons who underwent cardiac surgery at
McAllen Medical Center, Inc. (MMC) from December 1, 1993 until May 21,
1999.  MMC, a non-settling defendant,
appeals, claiming  the trial court erred
in: (1) holding a certification hearing with only minimal notice to MMC; (2)
granting certification of a temporary settlement class as to the settling
defendant, Dr. Bracamontes, without determining whether the class satisfies the
prerequisites of Federal Rule 23 or Texas Rule 42; (3) certifying the
settlement class when the case was automatically abated under section 17.505 of
the Deceptive Trade Practices Act (DTPA); and (4) ordering MMC to send a
supplemental notice to class members. 
Appellee challenges MMC=s standing to appeal
the trial court=s order certifying a
class for purposes of settlement with Dr. Bracamontes only.  Because the appeal is premature and MMC lacks
standing, we dismiss. 

                                                Factual
Background








On May 21, 1999, the
Cortez plaintiffs filed a class action petition against MMC and Dr.
Bracamontes, a cardiac surgeon who performs cardiac surgery at MMC.  Plaintiffs alleged causes of action against
both defendants for fraud, breach of contract, conspiracy to commit these acts,
and violations of the DTPA, based on  defendants= alleged
misrepresentations to cardiac surgery patients that all MMC cardiac surgeons
were board certified.[1]  On the afternoon of June 7, 1999, MMC
received notice of a hearing, scheduled the following day, June 8, at 1:30
p.m.,  regarding plaintiffs= motion for: (1) class
certification of claims against Dr. Bracamontes; (2) preliminary approval of
settlement with Dr. Bracamontes; (3) setting of a fairness hearing on the
settlement; and (4) notice of settlement. 
At the hearing, counsel for plaintiffs and Dr. Bracamontes announced
they had reached an agreement as to the certification of a settlement class
against Dr. Bracamontes and 
a settlement of claims against him.  MMC objected to certification of the
settlement class and the settlement on various grounds.  Plaintiffs argued that the settlement
involved only the claims against Dr. Bracamontes, and that MMC therefore lacked
standing to object to the proposed settlement. 
The trial court made no ruling concerning the standing issue, but
provided MMC an opportunity to submit a response to plaintiffs= motion.  MMC filed an AObjection to Class Certification for Purposes of
Settlement@ on June 11,
1999.  Thereafter, the trial court
entered an order on June 11, 1999 that (1) certified a class for only the
claims against Dr. Bracamontes; (2) preliminarily approved the settlement; (3)
scheduled a fairness hearing on the settlement;[2]
and (4) provided for class notice of the settlement.

                                               Parties= Contentions  








The threshold issue in
this case is whether a non-settling defendant has standing to object to the
preliminary certification of a Asettlement only@ class against a
settling co-defendant.  MMC contends it
has the requisite standing to object to certification because both
certification and the settlement itself affect MMC=s rights.  Specifically, MMC contends it is harmed by
certification because: (1) the findings supporting certification as to Dr.
Bracamontes involve the same issues as those regarding certification as to MMC;
(2) the settlement provides an opportunity for class counsel to communicate
with class members about claims against MMC; (3) the settlement agreement is
against public policy because it requires Dr. Bracamontes to disclose
confidential patient information; and (4) the agreement obstructs MMC=s potential
contribution rights in any individual medical malpractice lawsuits.  Plaintiffs argue MMC has no standing to
object to the trial court=s certification of the
settlement class or preliminary approval of the settlement.

                                              Appellate
Jurisdiction








An appellate court has
jurisdiction of an appeal from an interlocutory order only when specifically
authorized by statute.  Stary v.
DeBord, 976 S.W 967 S.W.2d 352, 352-53 (Tex. 1998); Firstcollect, Inc.
v. Armstrong, 976 S.W.2d 294, 298 (Tex. App.CCorpus Christi 1998,
pet. dism=d w.o.j.); Clements
v. League of United Latin Amer. Citizens, et al., 800 S.W.2d 948, 951 (Tex.
App.CCorpus Christi 1990,
no writ).  We have jurisdiction over an
appeal from a trial court's order certifying a class pursuant to section 51.014
of the civil practice and remedies code. 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 51.014(a)(3) (Vernon Supp. 2000); In re M.M.O., 981 S.W.2d
72, 79 (Tex. App.CSan Antonio 1998,
orig. proceeding).  In an appeal under
section 51.014(a)(3), we do not consider questions
related to the merits of the class claims, nor do we consider the probability
of the class's success on the merits.  In
re M.M.O., 981 S.W.2d at 79 (citing Microsoft Corp. v. Manning, 914
S.W.2d 602, 607 (Tex. App.CTexarkana 1995, writ
dism=d)).  We may, however, consider all matters
pertaining to class certification encompassed within the certification
order.  Id. (citing American
Express Travel Related Servs. Co. v. Walton, 883 S.W.2d 703, 707 (Tex. App.‑‑Dallas
1994, no writ)). We construe MMC=s points as an
interlocutory challenge to certification which
section 51.014(a)(3) permits.

Standard of Review








Our review of a
certification order under rule 42 is limited to determining whether the trial
court abused its discretion.   Firstcollect,
976 S.W.2d at 298; 
Cedar Crest Funeral Home, Inc. v. Lashley, 889
S.W.2d 325, 328 (Tex. App.CDallas 1993, no writ);
Clements, 800 S.W.2d at 952.  The
test for abuse of discretion is not whether, in the opinion of the reviewing
court, the trial court made an error in judgment.  Morgan v. Deere Credit, Inc., 889
S.W.2d 360, 365 (Tex. App.CHouston [14th Dist.]
1994, no writ); Clements, 800 S.W.2d at 952.  Rather, it is a question of whether the court
acted without reference to any guiding rules and principles, that is, whether
it acted arbitrarily or unreasonably.  Morgan,
889 S.W.2d at 365.  The reviewing court must view the
evidence in the light most favorable to the trial court's ruling and indulge
every presumption in favor of that ruling. 
Texas Commerce Bank Nat. Ass=n v. Wood, 994 S.W.2d 796, 801 (Tex. App.CCorpus Christi 1999,
pet. dism=d); Firstcollect, 976
S.W.2d at 298.  A trial court does not
abuse its discretion if it bases its decision on conflicting evidence.  Lashley, 889 S.W.2d
at 328.  Rule 42 of the Texas
Rules of Civil Procedure is patterned after corresponding Rule 23 of the
Federal Rules of Civil Procedure, and the decisions interpreting the federal
rule are persuasive authority.  Wood,
994 S.W.2d at 802; see Fed. R. Civ.
P. 23.

                                                        Standing

 Standing is a component of subject matter
jurisdiction; it cannot be waived and may be raised for the first time on
appeal.  Texas Ass=n
of Business v. Texas Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993); Lashley,
889 S.W.2d at 329.    








Apparently, no Texas
court has addressed the discrete issue of whether a non-settling defendant has
standing to complain about the preliminary certification of a Asettlement only@ class against a
settling co-defendant.  The Fifth Circuit
has held, however, that non-settling defendants generally have no standing to
complain about a settlement, since they are not members of the settling
class.  Transamerican Ref. Corp. v.
Dravo Corp., 952 F.2d 898, 899 (5th Cir. 1992) (citing In re Beef Indus.
Antitrust Litig., 607 F.2d 167 (5th Cir. 1979) (non-settling defendant not
prejudiced by settlement has no standing to complain of settlement)).  There is a recognized potential exception to
the general rule if the settlement agreement purports to strip non-settling
defendants of rights to contribution or indemnity.  Id. (citing Waller
v. Fin.  Corp. of Am., 828 F.2d 579, 583 (9th Cir. 1987)).  In the present case, neither the settlement
agreement itself nor the court's order preliminarily approving the settlement
contains any language barring MMC from asserting any contribution claims
against Dr. Bracamontes.  Moreover,
although many states have enacted Asettlement bar@ statutes, which
address contribution rights in such circumstances, Texas contains no such
statute.  MMC contends the proposed
settlement Aimpacts on the medical
malpractice suits anticipated by Class Counsel@ in that it raises questions concerning whether
Dr. Bracamontes could be joined in any such suits and whether he should be
submitted as a Asettling person@ under section 33.003
of the civil practice and remedies code.[3]  Because MMC has not now and may never be
found liable on any Aanticipated@ medical malpractice
claims, any Ainterference@ with its contribution
rights which it claims to have suffered is highly speculative.

MMC also complains
that certification of a Asettlement only@ class provides class
counsel with an Aopportunity@ to use the official
notice to class members for Aimproper solicitation@ of claims against
MMC.  MMC fails, however, to identify any
specific instances of improper communication and/or solicitation by class
counsel.  Again, we find the Apotential@ harm to MMC because
of the opportunity for improper communication to be highly speculative.








MMC also complains
that the settlement agreement requires Dr. Bracamontes to disclose confidential
patient information by requiring him to provide information concerning
surgeries he performed at MMC.[4]  The trial court is charged with the
responsibility of determining, following a fairness hearing, whether the terms
of the settlement are fair, adequate, and reasonable.  General Motors Corp. v.
Bloyed, 916 S.W.2d 949, 958-59 (Tex. 1996).  Because the fairness hearing has not been
held, the trial court has made no such determination.  The order preliminarily approving the
settlement is Awithout prejudice to
any finding the Court may make following the Fairness Hearing.@  Accordingly, any challenge to the terms of
the settlement is premature.  It is
fundamental that a court has no jurisdiction to render an advisory opinion on a
controversy that is not yet ripe.  Camarena v. Texas Employment Com=n,
754 S.W.2d 149, 151 (Tex. 1988). 

MMC contends it has
standing to object to certification Aregardless of whether it has standing to object
to the settlement.@  MMC cannot, however, do indirectly what it
may not do directly.  See In re Beef
Industry Antitrust Litigation, 607 F.2d at 172 (where  non-settling defendant challenged procedures
followed by district court in approving partial settlement, held non-settling
defendants in partial settlement have no standing to object to fairness or adequacy
of settlement, reasoning non-settling defendant cannot do indirectly what it
may not do directly).  We hold MMC lacks
standing to object to the order preliminarily certifying the settlement class.








MMC contends the trial
court erred in preliminarily certifying the settlement class without conducting
a Arigorous analysis@ of whether the
prerequisites for class action were satisfied. 
Rule 42's certification requirements of numerosity, commonality, typicality,
and adequacy of representation must always be met, even when cases are settled
before certification of the class.  Bloyed, 916 S.W.2d at
954.  In settlement class actions,
the actual class ruling is deferred until after hearing on the
settlement approval, following notice, to the class.  Id. (citing 2 Herbert B. Newberg & Alba Conte, Newberg on Class Actions, '
11.27, at 11-50 (3d ed. 1992)). 
Accordingly, at the fairness hearing on the proposed settlement with Dr.
Bracamontes, the trial court must resolve two primary issues: (1) whether to
certify the class under the Rule 42 prerequisites of numerosity, commonality,
typicality, and adequacy of representation; and if so, (2) whether the
settlement is fair, adequate, and  reasonable.  Id. at 958-59.  The trial court=s order preliminarily certifying the settlement
class against Dr. Bracamontes notes that its findings of fact and conclusions
of law are Apreliminary and
conditional . . . subject to whatever may be established at the Fairness
Hearing.@ 

We hold the trial
court did not abuse its discretion in preliminarily certifying a settlement
class prior to conducting a fairness hearing on the issues of certification and
whether the settlement is fair, reasonable, and adequate.  We further hold this appeal is premature,
that MMC lacks standing to object to certification of the settlement class, and
accordingly, that the appeal should be DISMISSED.  It is so ordered.

Because we hold MMC
lacks standing, we do not address MMC=s remaining
issues.  See Tex. R. App. P. 47.1. 

 

 

 

 

___________________________________

LINDA REYNA YAÑEZ

Justice

 

Publish. 

Tex. R. App. P. 47.3

 

Opinion delivered and filed

this 6th day of April,
2000.  

   








    

 

 











[1] On
June 7, 1999, MMC filed a Plea in Abatement, denying it had received presuit
notice pursuant to section 17.505 of the DTPA, see Tex. Bus. & Com. Code Ann. '
17.505 (Vernon Pamph. 2000), 
and Art. 4590i, ' 4.01, see Tex. Rev. Civ. Stat. Ann. art. 4590i,  ' 4.01
(Vernon Supp. 2000).  On June 15,
1999, Cortez filed a Third Amended Petition, in which he states that a DTPA
claim is brought only against Dr. Bracamontes, not MMC.  On June 17, 1999, the trial court denied MMC=s
Plea in Abatement.  





[2] The
fairness hearing has not yet been held.  





[3] See Tex. Civ. Prac. & Rem. Code Ann. '
33.003 (Vernon 1997).





[4] Without
addressing the merits of MMC=s challenge, we note the
settlement agreement specifically requires Dr. Bracamontes to provide only
information which may legally be disclosed under Texas law.