**TRANSAMERICAN REFINING CORPORATION, et al., Plaintiffs-Appellees,**

v.

**DRAVO CORP., et al., Defendants-Appellants,**

v.

**BEAR TUBULAR STEEL, et al., Defendants-Appellees.**

**ANG COAL GASIFICATION COMPANY, et al., Plaintiffs-Appellees,**

v.

**DRAVO CORP., et al., Defendants-Appellants,**

v.

**BEAR TUBULAR STEEL, et al., Defendants-Appellees.**

No. 90–2648.

United States Court of Appeals, Fifth Circuit.

Feb. 6, 1992.

William K. Wilde, Marc D. Murr, Bracewell & Patterson, Houston, Tex., for Allied-Signal, Inc.

Kenneth L. Salmon, Katarincic & Salmon, Pittsburgh, Pa., for Pullman Power Products Corp.

Fred Knapp, Jr., Andrews & Kurth, Houston, Tex., Marcia Rimai, Whyte & Hirschboeck, S.C., Milwaukee, Wis., for Ladish Co., Inc.

Steven A. Asher, Kohn, Savett, Klein & Graf, Philadelphia, Pa., for Bowline Corp.

Roger L. Price, D'Ancona & Pflaum, Chicago, Ill., for MPT Liquidating, Inc.

Jesse R. Pierce, Porter & Clements, Houston, Tex., for Johnson Controls, Inc.

John D. Roady, Hutcheson & Grundy, Houston, Tex., R. Alan Wight, Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., for Dravo Corp. et al. (all appellants).

Ronald S. Liebman, Patton, Boggs & Blow, Washington, D.C., for Crane Co.

Ronald J. Blask, Houston, Tex., for Word Industries Pipe Fabricating, et al.

Larkin C. Eakin, Woodard, Hall & Primm, Houston, Tex., for Bear Tubular Steel.

Grant S. Lewis, Charles C. Platt, Le-Boeuf, Lamb, Leiby & MacRae, New York City, for ITT Fluid Products Corp.

James I. Smith, Jr., Butler & Binion, Houston, Tex., for TAD, U.S.A.

E. Lawrence Vincent, William H. White, Susman Godfrey, Houston, Tex., for Dakota Gasification Co., et al. (Transamerican).

Robert D. Daniel, Hirsch & Westheimer, Houston, Tex., Thomas A. Donovan, Kirkpatrick & Lockhart, Pittsburgh, Pa., for Power Piping Co.

Lester L. Hewitt, Houston, Tex., Pravel, Gambrell, Hewitt, Kimball & Krieger, Houston, Tex., for WFI Intern., Inc.

Jeffrey S. Lynch, Cynthia Hollingsworth, Stacy R. Obenhaus, Mark W. Bayer, Gardere & Synne, Dallas, Tex., for Mannesman Pipe & Steel Co., Inc.

Before POLITZ, Chief Judge, HIGGINBOTHAM, Circuit Judge and KAZEN, District Judge.[*]

KAZEN, District Judge:

The suit arises out of an alleged conspiracy to secretly and illegally manipulate the price of specialty steel piping materials sold under cost-plus arrangements throughout the United States between 1966 and 1985. The district court certified this case as a class action. *Transamerican Refining Corp. v. Dravo Corp.*, 130 F.R.D. 70 (S.D.Tex.1990). The named Plaintiffs, on behalf of the class, entered into a settlement with several Defendants. Between February 1989 and February 1990, the Appellees ("Plaintiffs" and "Settling Defendants") entered into settlement agreements and received preliminary court approval of those settlements. Plaintiffs moved for final court approval of these settlements in May 1990. Appellants ("Non-settling Defendants") filed a formal objection to that motion,[1] and the district court held a hearing on the motion. At the hearing, no member of the Settlement Class objected to any of the settlements. Although one class member did initially indicate an interest in objecting, that class member withdrew objections prior to hearing. On June 15, 1990, the district court gave final approval to the settlements.[2] The district court found that the Non-settling Defendants had no standing to object to the final

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[1.] The Non-settling Defendants objected to the settlements on the grounds that (1) they had contribution claims based on the common-law fraud claims, making dismissal of the Settling Defendants improper; (2) the Motion for Approval was inadequate because there was no showing of the amount of the potential damages, the potential liability or the relative culpability of the Settling Defendants, and there was no showing of the Settling Defendants' ability to pay; (3) the reasonableness of the settlements should be judged on the basis of proportionate fault; (4) if the court approved the settlements and dismissed the Settling Defendants, then it

should hold that the claims of the Plaintiffs and the Plaintiff Class should be reduced based on a proportionate fault formula.

[2.] The district court found: that the settlements were fair, just and reasonable and were fairly within a range of possible damages that could be recovered at trial; that each of the settlements was negotiated by an experienced and competent counsel, for both the Plaintiffs and the Settling Defendants; that at the early stage of litigation, the settlements provided a substantial benefit to the Plaintiff Class; and that "the risk of not prevailing at trial, the complexity and duration of litigation also favor approving these settlements."

approval of the settlements.[3] The Non-settling Defendants now appeal, claiming that the settlements between the Plaintiffs and the Settling Defendants caused them a formal legal prejudice by preventing them from obtaining contribution from the Settling Defendants for the Plaintiffs' common-law fraud claims. This Court concludes that the appellants lack standing to pursue this appeal at present and accordingly dismiss the appeal.

The threshold issue presented is whether the Non-settling Defendants have standing to appeal approval of a settlement agreement to which they were not a party. We held in *In Re Beef Industry Antitrust Litigation*, 607 F.2d 167 (5th Cir.1979), that non-settling defendants generally have no standing to complain about a settlement, since they are not members of the settling class. We recognized a potential exception to the general rule if the settlement agreement purports to strip non-settling defendants of rights to contribution or indemnity. *Id.*; *see Waller v. Financial Corp. of America*, 828 F.2d 579, 583 (9th Cir.1987). No such provision is contained in the settlement agreement in this case. Appellants contend that they nevertheless have standing to appeal because many states have now enacted "settlement bar" statutes and therefore, depending upon which state laws are deemed to apply to the pending common-law fraud claims, appellants' contribution rights could be affected.

We question the soundness of that argument, *see 2 Newberg on Class Actions* § 11.54, following n. 261 (2d Ed. March 1991 cum. supp. 386–87), but need not make that decision now because, as we also held in *In Re Beef Industry Antitrust Litigation*, "the district court's order is not final as to the non-settling defendants and is therefore unappealable." 607 F.2d at 173.

Appellants argue that although the district court judgment does not specifically cite Rule 54(b), Fed.R.Civ.P., we should nevertheless construe it as a "partial final judgment" because of certain language indicating an intention to enter a final judgment. *See Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir.1990). Even were we to do so, the fact remains that the appellants are not parties to that judgment. The judgment resolved claims between the Plaintiff class and the Settling Defendants and did not purport to decide any substantive legal rights of the appellants. Indeed the supplemental record produced in this case reflects that the very issue which appellants invoke to reverse the settlement judgment is now pending before the district court. Motions are pending below for dismissal of all contribution claims, bifurcation of Plaintiffs' antitrust and fraud claims, and for separate trial of the appellants' contribution claims. The injury which appellants claim to have suffered by the settlement is highly speculative. Appellants have not now and may never be found liable on Plaintiffs' common-law claims. Appellants would not be entitled to contribution on the antitrust claims in any event. *Texas Industries, Inc. v. Radcliff Materials*, 451 U.S. 630, 644–647, 101 S.Ct. 2061, 2069–2070, 68 L.Ed.2d 500 (1981). As to the common-law claims, it is not yet established which state laws would apply, whether those states would allow any contribution for an intentional tort, whether those states have "settlement bar" statutes, and if so whether those statutes would reduce a future plaintiffs' verdict *pro tanto* or *pro rata*. *See Newberg, supra* at § 12.42A. It is entirely possible, if not probable, that the district court will ultimately apply the law of the forum to the pending common-law claims, and Texas has no "settlement bar" statute. Under all these circumstances, we cannot accept appellants' contentions that

---

**3.** The district court found that it would be wasteful of judicial and class resources to require elaborate testimonial evidence or expert evidence by way of economists, accountants or otherwise. That court also found that "Non-settling defendants have claimed, in oral argument, the various state statutes would bar their claims for contribution and diminish Plaintiff's recovery against Non-settling defendants on certain prudent claims. At the hearing on final approval of the settlement, non-settling defendants' arguments were speculative and hypothetical. For that reason alone, the objections lack merit."

901

the settlement has already stripped them of contribution rights and that if the district court is allowed to resolve the contribution issue in due course, "it will be too late for either the court below or this Court to provide an effective remedy." *Appellant's Second Supplemental Brief,* page 14.

We are convinced that under our established precedent, this appeal is premature and should be DISMISSED. It is so ORDERED.