**McALLEN MEDICAL CENTER, INC., Appellant,**

v.

**Ramiro CORTEZ, Jr. and that Class of All Persons who Underwent Cardiac Surgery at McAllen Medical Center from December 1, 1993 through May 21, 1999, Appellees.**

No. 13–99–380–CV.

Court of Appeals of Texas, Corpus Christi.

April 6, 2000.

Rehearing Overruled May 25, 2000.

Roger W. Hughes, Ferriel C. Hamby, Jr., Patricia Kelly, Adams & Graham, Harlingen, for appellant.

Michael A. Caddell, Cynthia B. Chapman, Joe Phillips, Caddell & Chapman, Houston, Ezequiel Reyna, Jr., Law Office of Ezequiel Reyna, Jr., Weslaco, Mark A. Cantu, Law Office of Mark A. Cantu, McAllen, Juan Rocha, Jr., Herrera, Vega & Rocha, San Antonio, for appellees.

Donald P. Wilcox, Cecil Jay Francisco, Matthew T. Wall, Austin, for Amicus Curiae.

Before: Justices HINOJOSA, YAÑEZ, and RODRIGUEZ.

## OPINION

YAÑEZ, Justice.

This is an interlocutory appeal from an order preliminarily certifying a settlement class and approving a proposed settlement of claims against a settling defendant in a class action. Plaintiff/Appellee Ramiro Cortez, Jr. represents a class of all persons who underwent cardiac surgery at McAllen Medical Center, Inc .(MMC) from December 1, 1993 until May 21, 1999. MMC, a non-settling defendant, appeals, claiming the trial court erred in: (1) holding a certification hearing with only minimal notice to MMC; (2) granting certification of a temporary settlement class as to the settling defendant, Dr. Bracamontes, without determining whether the class satisfies the prerequisites of Federal Rule 23 or Texas Rule 42; (3) certifying the settlement class when the case was automatically abated under section 17.505 of the Deceptive Trade Practices Act (DTPA); and (4) ordering MMC to send a supplemental notice to class members. Appellee challenges MMC's standing to appeal the trial court's order certifying a class for purposes of settlement with Dr. Bracamontes only. Because the appeal is premature and MMC lacks standing, we dismiss.

## Factual Background

On May 21, 1999, the Cortez plaintiffs filed a class action petition against MMC and Dr. Bracamontes, a cardiac surgeon who performs cardiac surgery at MMC. Plaintiffs alleged causes of action against both defendants for fraud, breach of contract, conspiracy to commit these acts, and violations of the DTPA, based on defendants' alleged misrepresentations to cardiac surgery patients that all MMC cardiac surgeons were board certified.[1] On the afternoon of June 7, 1999, MMC received notice of a hearing, scheduled the following day, June 8, at 1:30 p.m., regarding plaintiffs' motion for: (1) class certification of claims against Dr. Bracamontes; (2) preliminary approval of settlement with Dr. Bracamontes; (3) setting of a fairness hearing on the settlement; and (4) notice of settlement. At the hearing, counsel for plaintiffs and Dr. Bracamontes announced they had reached an agreement as to the certification of a settlement class against Dr. Bracamontes and a settlement of claims against him. MMC objected to certification of the settlement class and the settlement on various grounds. Plaintiffs argued that the settlement involved only the claims against Dr. Bracamontes, and that MMC therefore lacked standing to object to the proposed settlement. The trial court made no ruling concerning the standing issue, but provided MMC an opportunity to submit a response to plaintiffs' motion. MMC filed an "Objection to Class Certification for Purposes of Settlement" on June 11, 1999. Thereafter, the trial court entered an order on June 11, 1999 that (1) certified a class for only the claims against Dr. Bracamontes; (2) preliminarily approved the settlement; (3) scheduled a fairness hearing on the settle-

---

1. On June 7, 1999, MMC filed a Plea in Abatement, denying it had received presuit notice pursuant to section 17.505 of the DTPA, *see* Tex.Bus. & Com.Code Ann. § 17.505 (Vernon Pamph.2000), and Art. 4590i, § 4.01, *see* Tex. Rev.Civ.Stat.Ann. art. 4590i, § 4.01 (Vernon Supp.2000). On June 15, 1999, Cortez filed a Third Amended Petition, in which he states that a DTPA claim is brought only against Dr. Bracamontes, not MMC. On June 17, 1999, the trial court denied MMC's Plea in Abatement.

ment;[2] and (4) provided for class notice of the settlement.

## Parties' Contentions

The threshold issue in this case is whether a non-settling defendant has standing to object to the preliminary certification of a "settlement only" class against a settling co-defendant. MMC contends it has the requisite standing to object to certification because both certification and the settlement itself affect MMC's rights. Specifically, MMC contends it is harmed by certification because: (1) the findings supporting certification as to Dr. Bracamontes involve the same issues as those regarding certification as to MMC; (2) the settlement provides an opportunity for class counsel to communicate with class members about claims against MMC; (3) the settlement agreement is against public policy because it requires Dr. Bracamontes to disclose confidential patient information; and (4) the agreement obstructs MMC's potential contribution rights in any individual medical malpractice lawsuits. Plaintiffs argue MMC has no standing to object to the trial court's certification of the settlement class or preliminary approval of the settlement.

## Appellate Jurisdiction

An appellate court has jurisdiction of an appeal from an interlocutory order only when specifically authorized by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex.1998); *FirstCollect, Inc. v. Armstrong*, 976 S.W.2d 294, 298 (Tex. App.—Corpus Christi 1998, pet. dism'd w.o.j.); *Clements v. League of United Latin Amer. Citizens, et al.*, 800 S.W.2d 948, 951 (Tex.App.—Corpus Christi 1990, no writ). We have jurisdiction over an appeal from a trial court's order certifying a class pursuant to section 51.014 of the civil practice and remedies code. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(a)(3) (Vernon Supp.2000); *In re M.M.O.*, 981 S.W.2d 72, 79 (Tex.App.—San Antonio 1998, orig. pro-

ceeding). In an appeal under section 51.014(a)(3), we do not consider questions related to the merits of the class claims, nor do we consider the probability of the class's success on the merits. *In re M.M.O.*, 981 S.W.2d at 79 (citing *Microsoft Corp. v. Manning*, 914 S.W.2d 602, 607 (Tex.App.—Texarkana 1995, writ dism'd)). We may, however, consider all matters pertaining to class certification encompassed within the certification order. *Id.* (citing *American Express Travel Related Servs. Co. v. Walton*, 883 S.W.2d 703, 707 (Tex.App.—Dallas 1994, no writ)). We construe MMC's points as an interlocutory challenge to certification which section 51.014(a)(3) permits.

## Standard of Review

Our review of a certification order under rule 42 is limited to determining whether the trial court abused its discretion. *FirstCollect*, 976 S.W.2d at 298; *Cedar Crest Funeral Home, Inc. v. Lashley*, 889 S.W.2d 325, 328 (Tex.App.—Dallas 1993, no writ); *Clements*, 800 S.W.2d at 952. The test for abuse of discretion is not whether, in the opinion of the reviewing court, the trial court made an error in judgment. *Morgan v. Deere Credit, Inc.*, 889 S.W.2d 360, 365 (Tex.App.—Houston [14th Dist.] 1994, no writ); *Clements*, 800 S.W.2d at 952. Rather, it is a question of whether the court acted without reference to any guiding rules and principles, that is, whether it acted arbitrarily or unreasonably. *Morgan*, 889 S.W.2d at 365. The reviewing court must view the evidence in the light most favorable to the trial court's ruling and indulge every presumption in favor of that ruling. *Texas Commerce Bank Nat. Ass'n v. Wood*, 994 S.W.2d 796, 801 (Tex.App.—Corpus Christi 1999, pet. dism'd); *FirstCollect*, 976 S.W.2d at 298. A trial court does not abuse its discretion if it bases its decision on conflicting evidence. *Lashley*, 889 S.W.2d at 328. Rule 42 of the Texas Rules of Civil Procedure is

---

2. The fairness hearing has not yet been held.

patterned after corresponding Rule 23 of the Federal Rules of Civil Procedure, and the decisions interpreting the federal rule are persuasive authority. *Wood,* 994 S.W.2d at 802; *see* FED.R.CIV.P. 23.

### Standing

Standing is a component of subject matter jurisdiction; it cannot be waived and may be raised for the first time on appeal. *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 445 (Tex.1993); *Lashley,* 889 S.W.2d at 329.

Apparently, no Texas court has addressed the discrete issue of whether a non-settling defendant has standing to complain about the preliminary certification of a "settlement only" class against a settling co-defendant. The Fifth Circuit has held, however, that non-settling defendants generally have no standing to complain about a *settlement,* since they are not members of the settling class. *Transamerican Ref. Corp. v. Dravo Corp.,* 952 F.2d 898, 899 (5th Cir.1992) (citing *In re Beef Indus. Antitrust Litig.,* 607 F.2d 167 (5th Cir.1979) (non-settling defendant not prejudiced by settlement has no standing to complain of settlement)). There is a recognized potential exception to the general rule if the settlement agreement purports to strip non-settling defendants of rights to contribution or indemnity. *Id.* (citing *Waller v. Fin. Corp. of Am.,* 828 F.2d 579, 583 (9th Cir.1987)). In the present case, neither the settlement agreement itself nor the court's order preliminarily approving the settlement contains any language barring MMC from asserting any contribution claims against Dr. Bracamontes. Moreover, although many states have enacted "settlement bar" statutes, which address contribution rights in such circumstances, Texas contains no such statute. MMC contends the proposed settlement "impacts on the medical malpractice suits anticipated by Class Counsel" in that it raises questions concerning whether Dr. Bracamontes could be joined in any such suits and whether he should be submitted as a "settling person" under section 33.003 of the civil practice and remedies code.[3] Because MMC has not now and may never be found liable on any "anticipated" medical malpractice claims, any "interference" with its contribution rights which it claims to have suffered is highly speculative.

MMC also complains that certification of a "settlement only" class provides class counsel with an "opportunity" to use the official notice to class members for "improper solicitation" of claims against MMC. MMC fails, however, to identify any specific instances of improper communication and/or solicitation by class counsel. Again, we find the "potential" harm to MMC because of the opportunity for improper communication to be highly speculative.

MMC also complains that the settlement agreement requires Dr. Bracamontes to disclose confidential patient information by requiring him to provide information concerning surgeries he performed at MMC.[4] The trial court is charged with the responsibility of determining, following a fairness hearing, whether the terms of the settlement are fair, adequate, and reasonable. *General Motors Corp. v. Bloyed,* 916 S.W.2d 949, 958–59 (Tex.1996). Because the fairness hearing has not been held, the trial court has made no such determination. The order preliminarily approving the settlement is "without prejudice to any finding the Court may make following the Fairness Hearing." Accordingly, any challenge to the terms of the settlement is

---

**3.** *See* TEX.CIV.PRAC. & REM.CODE ANN. § 33.003 (Vernon 1997).

**4.** Without addressing the merits of MMC's challenge, we note the settlement agreement specifically requires Dr. Bracamontes to provide only information which may legally be disclosed under Texas law.

premature. It is fundamental that a court has no jurisdiction to render an advisory opinion on a controversy that is not yet ripe. *Camarena v. Texas Employment Com'n,* 754 S.W.2d 149, 151 (Tex.1988).

MMC contends it has standing to object to *certification* "regardless of whether it has standing to object to the settlement." MMC cannot, however, do indirectly what it may not do directly. *See In re Beef Industry Antitrust Litigation,* 607 F.2d at 172 (where non-settling defendant challenged procedures followed by district court in approving partial settlement, held non-settling defendants in partial settlement have no standing to object to fairness or adequacy of settlement, reasoning non-settling defendant cannot do indirectly what it may not do directly). We hold MMC lacks standing to object to the order preliminarily certifying the settlement class.

**.** MMC contends the trial court erred in preliminarily certifying the settlement class without conducting a "rigorous analysis" of whether the prerequisites for class action were satisfied. Rule 42's certification requirements of numerosity, commonality, typicality, and adequacy of representation must always be met, even when cases are settled before certification of the class. *Bloyed,* 916 S.W.2d at 954. In settlement class actions, the actual class ruling is deferred until *after* hearing on the settlement approval, following notice, to the class. *Id.* (citing 2 HERBERT B. NEWBERG & ALBA CONTE, NEWBERG ON CLASS ACTIONS, § 11.27, at 11–50 (3d ed.1992)). Accordingly, at the fairness hearing on the proposed settlement with Dr. Bracamontes, the trial court must resolve two primary issues: (1) whether to certify the class under the Rule 42 prerequisites of numerosity, commonality, typicality, and adequacy of representation; and if so, (2) whether the settlement is fair, adequate, and reasonable. *Id.* at 958–59. The trial court's order preliminarily certifying the settlement class against Dr. Bracamontes

notes that its findings of fact and conclusions of law are "preliminary and conditional ... subject to whatever may be established at the Fairness Hearing."

We hold the trial court did not abuse its discretion in preliminarily certifying a settlement class prior to conducting a fairness hearing on the issues of certification and whether the settlement is fair, reasonable, and adequate. We further hold this appeal is premature, that MMC lacks standing to object to certification of the settlement class, and accordingly, that the appeal should be DISMISSED. It is so ordered.

Because we hold MMC lacks standing, we do not address MMC's remaining issues. *See* TEX.R.APP.P. 47.1.