NUMBER
13-99-380-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

____________________________________________________________

 

MC
ALLEN MEDICAL CENTER INC.,                                      Appellant,

 

                                                   v.

 

RAMIRO CORTEZ, JR., AND

THAT CLASS OF TEXAS RESIDENTS 

ON WHOM FRANCISCO I. BRACAMONTES,

M.D. PERFORMED SURGERY AT THE

MC ALLEN MEDICAL CENTER,                                             Appellees.

____________________________________________________________

 

      On appeal from the 92nd
District Court of Hidalgo County, Texas.

____________________________________________________________

 

                            OPINION ON REMAND

 

                   Before Justices Hinojosa,
Yañez, and Rodriguez

                                   Opinion by
Justice Yañez

 








In this interlocutory
appeal, McAllen Medical Center, Inc. (MMC), a non-settling defendant, appeals
from a trial court order preliminarily certifying a Asettlement only@ plaintiff
class and preliminarily approving a settlement with a settling
co-defendant.  In our original opinion in
this case, issued on April 6, 2000, we dismissed the  appeal and held that MMC lacked
standing to challenge the trial court=s order
preliminarily certifying the settlement class. 
McAllen Med. Ctr., Inc. v. Cortez, 17 S.W.3d 305, 310 (Tex. App.BCorpus Christi
2000), rev=d, 66 S.W.3d 227,
230 (Tex. 2001).  The Texas Supreme Court
reversed our judgment and remanded the cause to us for further
proceedings.  Cortez, 66 S.W.3d at 230.  We  hold the trial
court erred in preliminarily certifying the settlement class without first determining
whether rule 42's certification requirements of numerosity, commonality,
typicality, and adequacy of representation were met.  See Tex.
R. Civ. P. 42; Cortez, 66 S.W.3d at 233-34.  Accordingly, we  reverse the trial court=s certification
order and remand this cause to the trial court for further proceedings
consistent with this opinion and the supreme court=s opinion.  

Because the
factual and procedural background in this case was set forth in our original
opinion and the supreme court=s opinion, we
will not discuss it here.  See Cortez,
17 S.W.3d at 307-08; Cortez, 66 S.W.3d at
230-31.

                                                  Rule
42 Analysis








MMC contends the
trial court erred in preliminarily certifying the Asettlement only@ class prior to
determining whether the class certification requirements of rule 42 were
met.  The supreme court
agreed.  See Cortez, 66 S.W.3d at
232-34 (holding requirement that courts perform Arigorous analysis@ under rule 42
prior to certification extends to Asettlement only@ classes).  In this case, the record reflects that the
trial court did not conduct a rule 42 review prior to certifying the settlement
class.  In rejecting the trial court=s approach of
postponing the class-action inquiry until the fairness hearing, the supreme court noted its rejection of the Acertify now and
worry later@ approach.  See id. at
232 (citing Southwestern Ref. Co. v. Bernal, 22 S.W.3d 425, 435 (Tex.
2000).

We hold that
the trial court abused its discretion in certifying the Asettlement only@ class prior to
conducting a rule 42 analysis.  We
therefore reverse the trial court=s order and
remand this cause for further proceedings consistent with this opinion and the supreme court=s opinion.  See id. at
232-34.

Because this
issue is dispositive, we need not address MMC=s remaining issues.  See Tex.
R. App. P. 47.1.      

 

                                                                                                                      

LINDA REYNA
YAÑEZ

Justice

 

 

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this the

8th day of
August, 2002.