**Florence C. HOWELL, Appellant,**

v.

**CITY OF DALLAS et al., Appellees.**

**No. 5678.**

Court of Civil Appeals of Texas, Waco.

March 10, 1977.

Rehearing Denied April 14, 1977.

Stewart R. Miller, Dallas, for appellant.

Lee E. Holt, Linda R. Lawson, Carroll R. Graham and M. Leigh Bartlett, Henry Wade, Dist. Atty., Charles Bowling, Jr., and Clinton W. Breeding, Dallas, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal from summary judgment plaintiff Howell take nothing in suit against defendants City of Dallas, Dallas Independent School District and Dallas County.

Plaintiff filed suit against defendants alleging defendants were threatening to sue her for ad valorem taxes on real estate owned by her "which taxes are based on grossly inaccurate, excessive and unreasonable assessments, and based on valuations which are inaccurate and unreasonable and in excess of any realistic salable value". Plaintiff recites the 1974 taxes have been paid, and that she is paying the 1975 taxes into the registry of the court in the total amount being claimed, but "such payment is being made specifically 'under protest' with full reservation of the right to recapture in full any part thereof legally found to be excessive taxation".

Plaintiff prayed for "interim temporary injunction against further assessment or attempted assessment of aforesaid unreasonable valuations for taxes", and for resolution by jury of the reasonableness of the assessed valuations and judgment for refund of any taxes paid on unreasonable valuations.

Defendants moved for summary judgment asserting 1) the taxes have been voluntarily paid by plaintiff, and 2) once taxes have been paid all questions of their validity become moot.

The trial court granted such motion and rendered judgment plaintiff take nothing.

Plaintiff appeals contending the trial court erred in rendering summary judgment:

1) When issues of fact were unresolved; and

2) When plaintiff's averments were in no way disputed or controverted.

■ Summary judgment is proper only if the summary judgment proof establishes a right thereto as a matter of law. *Gibbs v. General Motors Corp.*, Tex., 450 S.W.2d 827.

It is undisputed plaintiff paid her 1974 ad valorem taxes in full, as assessed; and has paid her 1975 ad valorem taxes, in full, as assessed, under protest. She asserts the valuations on which such taxes were assessed are excessive for which reason the taxes are illegal. She further asserts she paid such taxes "to reflect good faith".

■ Article 1.11A Vol. 20A p. 42 VATS provides for refunds of certain taxes but specifically provides it does not apply to ad valorem taxes.

■ A person who voluntarily pays an illegal tax has no claim for repayment. And in the absence of a specific statute, it is immaterial to the right of repayment whether or not such illegal tax was paid under protest. *National Biscuit Co. v. State*, 134 Tex. 293, 135 S.W.2d 687; *Austin National Bank v. Sheppard,* 123 Tex. 272, 71 S.W.2d 242; *State v. Connecticut General Life Ins. Co.*, Tex., 382 S.W.2d 745; *Galveston City Company v. Galveston*, 56 Tex. 486; see also: 84 C.J.S. Taxation p. 1278; 84 A.L.R. 294; 72 Am.Jur.2d 344; *City of Arlington v. Cannon*, 153 Tex. 566, 271 S.W.2d 414, 418; *Briscoe Ranches v. Eagle Pass Independent School District, San Antonio*, Tex.Civ.App., NRE, 439 S.W.2d 118, 119, 122.

Defendants established their entitlement to summary judgment as a matter of law. Plaintiff's points are overruled.

AFFIRMED.