JOHNSON CONTROLS, INC., Appellant,

v.

**CARROLLTON–FARMERS BRANCH INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 20308.

Court of Civil Appeals of Texas, Dallas.

Aug. 25, 1980.

Rehearing Denied Sept. 24, 1980.

Charles L. Perry, Seay, Gwinn, Crawford, Mebus & Blakeney, Dallas, for appellant.

Earl Luna, Mary Milford, Luna & Murto, Dallas, for appellee.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

STOREY, Justice.

This is a summary judgment case. Plaintiff Johnson Controls, Inc. sued Carrollton–Farmers Branch Independent School District to recover the excess of ad valorem taxes paid for the years 1969 through 1976 which plaintiff alleged were overpaid because the school district excessively valued

its real property. The suit is grounded on plaintiff's assertion that the taxes were paid under duress, and, therefore involuntarily, because the failure to timely pay would have resulted in the imposition of statutory penalties and interest.

We hold that the existence of the penalty statute alone is not in itself sufficient to raise a fact issue on the question of duress and, consequently, in the absence of any other competent summary judgment evidence, the school district's summary judgment proof has established as a matter of law that plaintiff's payments were voluntary. We therefore affirm.

■ One who pays an illegal tax voluntarily, that is, without duress, has no valid claim for its repayment. The opposite is true when payment is made under duress and duress may be either express or implied. *Austin National Bank v. Sheppard*, 123 Tex. 272, 71 S.W.2d 245 (Com.App. 1934); *National Biscuit Company v. State*, 134 Tex. 293, 135 S.W.2d 687 (1940); *City of Houston v. Feizer*, 76 Tex. 365, 13 S.W. 266 (1890). This rule is said to be one of sound public policy, the object of which is to discourage litigation, and to secure the taxing authority in the orderly conduct of its affairs. The rule is based upon the premise that everyone is supposed to know the law, and if one voluntarily makes a payment which the law would not compel him to make, he cannot afterward assign his ignorance of the law as a reason why the state should furnish him with legal remedies to recover it. *See City of Houston v. Feizer, supra.*

Plaintiff contends first that the summary judgment evidence raises a fact question on its claim of involuntary payment. The summary judgment evidence consists of the affidavit of W. C. Coker, assessor and collector of taxes for the school district, and the affidavit of Loren L. Pollesch, plaintiff's director of tax affairs. Coker's affidavit states:

> The 1969 ad valorem taxes on the above described property in the amount of $6,867 were paid to the Carrollton–Farmers Branch Independent School District by Johnson Controls, Inc. as assessed and levied on September 15, 1969.

There follows in sequence a separate recitation for each successive calendar year from 1970 through 1976, differing from the quoted paragraph only in amount paid and date of payment. Except for calendar year 1975, which shows a payment date of January 2, 1976, all taxes are shown to have been paid on or before December 31 of the year in which assessed. The affidavit concludes:

> All ad valorem taxes owed by Johnson Controls, Inc. to the Carrollton–Farmers Branch Ind. School District for the years 1969 through 1976 were paid in full and as assessed prior to April 28, 1978.

> All ad valorem taxes owed by Johnson Controls, Inc. to the Carrollton–Farmers Branch Ind. School District for the years 1969 through 1976 were paid voluntarily and prior to the foreclosure or threat of foreclosure of any tax lien.

Plaintiff's controverting affidavit recites:
> Johnson Controls, Inc. did not voluntarily pay the ad valorem taxes assessed by the Carrollton–Farmers Branch Independent School District in the years [1969 through 1976]. Rather, said taxes were specifically paid under protest and as a result of duress and compulsion including but not limited to the imposition of penalties and interest, and the presence or possibility of liens or other clouds on the title of corporate property located in Texas.

■ Plaintiff argues that because Coker's affidavit consists only of the conclusion that the taxes were paid voluntarily, the affidavit of Pollesch stating they were paid involuntarily was sufficient to raise a fact issue. In addition to the conclusory statement, however, the affidavit asserts that taxes were paid in full, as assessed, and prior to default for eight successive years. It also asserts that during the eight–year period there was no threatened foreclosure of plaintiff's property. None of these facts were controverted by plaintiff's affidavit as required by Texas Rules of Civil Procedure 166–A(c). Instead, plaintiff's affidavit contains only the conclusory statement that its

taxes were paid under protest as a result of duress and compulsion and states no facts to support that conclusion. This is not sufficient to raise a fact question, and, absent summary judgment evidence to the contrary, the school district's affidavit has established voluntary payment as a matter of law.

Plaintiff points out, however, that Tex.Rev.Civ.Stat.Ann. art. 7336 provides for the imposition of penalties and interest for failure to pay taxes when due. It argues that the threat posed by this statute is sufficient to raise a fact question on the issue of duress. We cannot agree.

The supreme court's recognition of implied duress has been limited to those cases in which a "business compulsion" is found to exist. *Austin National Bank v. Sheppard*, 123 Tex. 272, 71 S.W.2d 242; *National Biscuit Co. v. State*, 134 Tex. 293, 135 S.W.2d 687; *Union Central Life Insurance Co. v. Mann*, 138 Tex. 242, 158 S.W.2d 477; *Metropolitan Life Insurance Company of New York v. Mann*, 140 Tex. 450, 168 S.W.2d 212; *State v. Akin Products Co.*, 155 Tex. 348, 286 S.W.2d 110; *Crow v. City of Corpus Christi*, 146 Tex. 558, 209 S.W.2d 922 (1948). These cases were concerned with circumstances in which the taxpayer's license to do business or its right to do business in the state could be affected while it contested the validity of the tax. Under such circumstances the court has consistently applied the rule set forth in *Crow v. City of Corpus Christi, supra*:

> [W]here a legislative act by its terms visits upon a taxpayer the penalties and punishment prescribed by these Acts for failure to pay an illegal tax, such taxpayer need not take the risk of incurring such penalties and punishments, while the invalidity of such taxes are being judicially ascertained in order to preserve his rights as a taxpayer under duress. 209 S.W.2d at p. 924.

However, the supreme court has not passed directly upon the question of whether duress may be implied from a statute of general application which merely imposes a penalty and interest for failure to timely pay a tax. This question has been addressed by the intermediate courts on at least three occasions with differing results.

Plaintiff relies on *Fort Bend Ind. School Dist. v. Weiss*, 570 S.W.2d 241 (Tex.Civ. App.–Houston [1st Dist.] 1978, no writ) and *City of San Antonio v. Grayburg Oil Company*, 259 S.W. 985 (Tex.Civ.App.–San Antonio 1924, no writ) to support its position that payment to avoid statutory penalty and interest is sufficient to raise a fact issue on implied duress. In each of those cases, the taxpayer was allowed recovery of the excess taxes paid upon his assertion that the full amount was paid to avoid imposition of penalty and interest. On the other hand, the school district relies upon *Howell v. City of Dallas*, 549 S.W.2d 36 (Tex.Civ.App.–Waco 1977, writ ref'd n. r. e.) where a different result was reached. In *Howell*, the taxpayer paid the assessed amount into the registry of the court "under protest" and sued for a refund of the amount claimed to be excessive. The court held this to be a voluntary payment and denied recovery.

The school district attempts to distinguish *Weiss* and *Grayburg Oil* from *Howell* on the ground that in the former two cases the taxpayer had first tendered payment of the lesser, uncontested amount, and, on refusal and demand by the tax collector, had then paid the full amount before filing suit for recovery of the excess. We consider this to be a distinction without a difference, because the tender of the lesser amount would appear to be no more than a payment under "protest" which is insufficient to render payment of the full amount involuntary. While we find no valid ground upon which the cases may be distinguished, the result reached in *Howell* is more in keeping with the public policy rationale advanced by the supreme court in *City of Houston v. Feizer, supra*. In *Feizer* also, the court stated that the strongest case against involuntary payment was made by the evidence which showed the taxpayer had paid the taxes for about five years before taking any action to recover them. Here, plaintiff has paid the taxes for eight years without taking steps to recover them, and we conclude that this is sufficient to make a case against involuntary payment.

Furthermore, we are persuaded by the supreme court's following observation in *Crow v. City of Corpus Christi, supra:*

> Since there [is] ... no exact rule as to what constitutes sufficient duress or compulsion to make the payment of an illegal tax an involuntary payment, the question is one to be determined from the particular circumstances under which the payments are made.

A "particular circumstance" cannot be ascribed to the mere existence of article 7336 because it is a statute of general application, and the threat posed by it is one common to all property owners in the state. Few tax payments are truly voluntary, because all tax statutes impose some type of penalty for nonpayment. Therefore, the public policy requires some evidence of coercion other than the threat of a penalty in order to raise an issue of duress. We conclude, therefore, that under the circumstances of this case, no business compulsion exists, and that the mere threat of the imposition of statutory penalty and interest is not sufficient to raise a fact question on the issue of implied duress.

For the first time on appeal, plaintiff has raised the question of mistake. We do not address this question because it was not presented to the trial court.

Affirmed.