Lee SALVAGGIO, et ux, Appellants,

v.

HOUSTON INDEPENDENT SCHOOL
DISTRICT, et al., Appellees.

HOUSTON INDEPENDENT SCHOOL
DISTRICT, et al., Appellants,

v.

Richard SCHWARTZ, et al., Appellees.

Nos. C14–85–663–CV, C14–85–690–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 3, 1986.

Rehearing Denied April 24, 1986.

Terry G. Wiseman, Fred Riepen, Jr., Houston, for appellants and appellees.

Joan C. Ward, Stanley Binion, Robert J. Collins, Jeffrey L. Rogers, Houston, for appellees and appellants.

Before CANNON, JUNELL and ROBERTSON, JJ.

## OPINION

CANNON, Justice.

This case represents a consolidation of two appeals arising from a single order entered by the trial court which granted certification as a class action to one group of taxpayers (Schwartz class) and denied certification as a class action to a second group of taxpayers (Salvaggio class). Houston Independent School District and the City of Houston (HISD hereinafter) are appellants as to the Schwartz class and appellees as to the Salvaggio class.

The Salvaggio class contends the trial court erred in denying certification to the class of taxpayers against whom § 33.07 tax code penalties had been assessed and who (other than pursuant to suit and judgment) had subsequently paid the penalties. TEX.TAX CODE ANN. § 33.07 (Vernon 1982). The major issue raised is whether the voluntary payment rule should apply to attorney fees provided by § 33.07. HISD contends the trial court erred in granting certification to the class of taxpayers against whom § 33.07 penalties had been assessed but who had not yet paid the penalties (Schwartz class). Finding no error in the trial court's rulings, we affirm.

In 1981 the Texas legislature enacted § 33.07 which became effective January 1, 1982. This statute provides as follows:

§ 33.07. Additional Penalty for Collection Costs

(a) A taxing unit or appraisal district may provide, in the manner required by law for official action by the body, that taxes that remain delinquent incur an additional penalty to defray costs of collection, if the unit or district or another unit that collects taxes for the unit has contracted with an attorney pursuant to Section 6.30 of this code. The amount of the penalty may not exceed 15 percent of the amount of taxes, penalty, and interest due.

(b) A tax lien attaches to the property on which the tax is imposed to secure payment of the penalty.

(c) If a penalty is imposed pursuant to this section, a taxing unit may not recover attorney's fees in a suit to collect delinquent taxes subject to the penalty.

(d) If a taxing unit or appraisal district provides for a penalty under this section, the collector shall deliver a notice of delinquency and of the penalty to the property owner at least 30 and not more than 60 days before July 1.

Although there is some dispute among the parties as to the facts involved, it appears Mr. Salvaggio and his wife purchased some real property located in Houston, and within the boundaries of Houston Independent School District which was subject to delinquent ad valorem taxes to both the City of Houston and HISD. Attorney fee charges as provided by § 33.07 had also been assessed for tax years 1977 through 1983. The Salvaggios sought a waiver of all attorney fee charges as well as the late payment penalty and interest charges attached to all delinquent tax years. Tax officials advised there could be no waiver of any charges and demanded all sums due be paid in full so the Salvaggios paid the

delinquent taxes and all charges. Thereafter, the Salvaggios learned that § 33.07 was passed by the legislature in 1981 and became effective on January 1, 1982. The Salvaggios argue the HISD assessment of § 33.07 charges for 1977 through 1981 is a retroactive application of a penal statute.

The Salvaggios joined other plaintiffs and began the prosecution of this action seeking, inter alia, a declaratory judgment that HISD illegally collected the penalties attached to ad valorem taxes which were delinquent on July 1 of the year in which they became due pursuant to § 33.07.

■ In the first point of error the Salvaggio class contends the trial court erred in denying certification to their class because the recovery of attorney fees levied pursuant to § 33.07 is not precluded by voluntary payment. Upon review of the record it appears the trial court's reason for denying certification of the Salvaggio class was based on the application of the voluntary payment rule. This rule, which has long been the law in Texas, stands for the proposition that taxes voluntarily paid may not be recovered by the taxpayer, even though the tax is illegal. *State v. Connecticut General Life Insurance Co.*, 382 S.W.2d 745 (Tex.1964); *City of Houston v. Feizer*, 76 Tex. 365, 13 S.W. 266 (1890); *Johnson Controls, Inc. v. Carrollton-Farmers Branch Independent School District*, 605 S.W.2d 688 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.); *Howell v. City of Dallas*, 549 S.W.2d 36 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.). The only exceptions to the rule against the recovery of voluntary payments of an illegal tax are (1) fraud; (2) express or implied duress; and (3) mutual mistake of fact. *San Antonio Independent School District v. National Bank of Commerce of San Antonio*, 626 S.W.2d 794 (Tex.App.—San Antonio 1981, no writ).

■ The trial court recognized that the claims of each individual class member would require fact findings as to the voluntary or involuntary nature of the payment of the collection penalty. The court would have to make a determination as to whether each claim fell within an exception to the rule against the recovery of voluntary tax payments. This would require a factual investigation into the circumstances surrounding each individual's payment. The Salvaggio class contends the voluntary payment rule does not apply to § 33.07 attorney fee charges imposed to cover the collection of the delinquent taxes. They argue the voluntary payment rule should be abrogated with respect to § 33.07 attorney fee penalties because these charges were provided to cover the costs of collecting the delinquent taxes and were not intended to be a penalty per se. The fault in this argument is obvious. Even if it were clear that the legislature did not intend for the § 33.07 charges providing for attorney fees to be included in the statutory definition of "penalties" for purposes of the voluntary payment rule, the trial court would still have to make a case by case factual analysis of the circumstances of each individual class member to determine whether or not class membership was proper. This would defeat the purpose of certification. The individualized nature of the proof required in the instant case precluded the trial court from finding that alleged questions of fact common to all class members predominate over issues affecting only individual class members.

■ The findings of a trial court in a motion to certify a class action are addressed to the sound discretion of the trial judge and will not be reversed on appeal unless there is a clear abuse of discretion. *Jones v. City of Dallas*, 604 S.W.2d 543, 545 (Tex.Civ.App.—Eastland 1980, writ dism'd). We find no abuse of discretion in these circumstances. Appellants' first point of error is overruled.

■ The second, third and fourth points of error also contest the application of the voluntary payment rule. In point of error number two, the Salvaggio class argues the trial court erred because the voluntary payment rule should not be applied when a taxing unit under color of lawful authority, illegally assesses, with no right to appeal

the validity of such assessment, § 33.07 attorney fee charges. In point of error number three, the Salvaggio class argues the trial court erred because their payment of the § 33.07 charges was a result of implied and/or actual duress and therefore, was not voluntary. In point of error number four, the Salvaggios contend the trial court erred in overruling their motion to certify as a class action because the voluntary payment rule is not applicable to their cause of action and further because the questions of law and fact presented by their cause of action are common and typical of the class they seek to represent. For the reasons discussed under point of error number one, the trial court was correct in finding the rule does apply to the facts here. The second, third and fourth points of error are likewise overruled.

■ HISD argues the trial court erred in certifying the class of taxpayers against whom § 33.07 penalties were assessed but who had not yet paid. HISD contests the adequacy of the class representative, Mr. Richard Schwartz. At the hearing on certification, Mr. Schwartz's testimony revealed there existed a question of fact as to whether he actually owned any property subject to taxation. Mr. Schwartz had purchased personal property belonging to Recycled Cycles upon which delinquent taxes were owed. At the time of the hearing, there was pending in the county civil court at law a case to determine whether or not Mr. Schwartz was liable for the delinquent taxes. The trial court, pursuant to the authority afforded her under Rule 42(c)(1) of the Texas Rules of Civil Procedure, requested appellants to find a more suitable representative. As amended, the petition adds Mr. Isaac Molho to Richard Schwartz's name as class representative. As is evidenced by the trial court's record, appellees stipulated as to the adequacy of Molho as the representative. HISD now contends the trial court should have dismissed the lawsuit upon realization that Schwartz was not an adequate representative.

HISD further argues that a fundamental requirement of a class action is that the representative plaintiff be a member of the class he wishes to represent and that because Schwartz was not a member of the class at the time it was certified, the trial judge should have dismissed the case. The Motion To Certify Case As A Class Action was heard on June 24, 1985. By letter dated June 28, 1985, the court informed counsel of her ruling and requested they name a more suitable representative for the Schwartz class. On July 19, 1985, plaintiffs served their supplemental petition to designate additional class representatives. HISD relies on several United States Supreme Court cases which have held that it is error to fail to dismiss a class action where it was clear that the class representative had suffered no injury in common with the members of the class and was therefore ineligible to represent the members of the class. *General Telephone Company of the Southwest v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 2370, 72 L.Ed.2d 740 (1982) citing *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977); *Board of School Commissioners of the City of Indianapolis v. Jacobs*, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975). However, we find the trial court acted permissibly under Rule 42(c)(1) of the Texas Rules of Civil Procedure. Such rule provides as follows:

(1) As soon as practicable after the commencement of an action brought as a class action, the court shall, after hearing, determine by order whether it is to be so maintained. This determination may be altered, amended, or withdrawn at any time before final judgment. *The court may order the naming of additional parties in order to insure the adequacy of representation.* [emphasis added].

It is apparent from the record the trial court found Richard Schwartz was not an adequate class representative and merely postponed a ruling on the certification until the class named a proper representative. Rule 42(c)(1) clearly allows the trial court

this procedure. Once the pleadings were amended and Molho was added as a named representative to the Schwartz class, certification was granted. We find no error in this course of action.

HISD further contends that the amendment of the pleadings to add Mr. Molho did not cure the error already made. They argue that neither Molho nor Schwartz demonstrated they were proper class representatives under Rule 42(a)(4) which requires that the representative parties will fairly and adequately protect the interests of the class. HISD cites *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140 (1974) for the premise that a class representative must bear the initial cost of notice to the members of his class. HISD relies on testimony by Mr. Schwartz when he stated it was his understanding that he would *not* incur these costs. HISD further argues there was no testimony by Mr. Molho as to his willingness or ability to bear the costs of the litigation. They contend this absence of showing a financial ability to pursue the litigation as a class action should prevent the representatives from proceeding with the class action.

 We find that the Texas Rules do not require as a condition to certification that there be a preliminary showing of willingness and ability to bear the costs of representation. Rule 42(a)(4) requires only that ... "the representative parties will fairly and adequately protect the interests of the class." Should it later become evident that Mr. Molho is financially unable to fairly and adequately protect the interests of the class this evidence could be brought to the trial court's attention in a Motion to Decertify.

We find no abuse of discretion and affirm the trial court's rulings.