NUMBER
13-01-277-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

DONNA INDEPENDENT 

SCHOOL DISTRICT,                                                            Appellant,

 

                                                   v.

 

JOHN ROGERS, AND
OTHERS 

SIMILARLY SITUATED,                                                        Appellees.

 

                                                    

     On appeal from the 332nd District Court of
Hidalgo County, Texas.

 

 

                                   O P I N I O N

 

                     Before Justices Dorsey, Yañez, and Chavez[1]

                                   Opinion by
Justice Yañez

 

 








Appellant,
Donna Independent School District (Athe District@), challenges a
judgment requiring the District to either refund a surplus of funds raised with
an ad valorem tax or to hold a referendum
election to have the voters determine the disposition of the surplus.  We reverse and render.

Background[2]

The District
adopted an ad valorem tax rate of $1.41 for
the 1996-1997 school year.  $0.19 of this
rate was levied to pay existing bond debt. 
In February of 1997, the District paid off the bond debt, leaving a
surplus amount of $1,132,000.00 in the Ainterest and
sinking fund,@ which was the
account created to hold the bond monies. 
The surplus money in the interest and sinking fund represented an
accumulation of money from bond taxes, delinquent bond taxes, and interest and
penalties on delinquent bond taxes.  

In August of
1998, the District transferred the surplus funds in the interest and sinking
fund to the District=s maintenance
and operations fund.  The appellees filed suit, 
initially seeking injunctive relief and a declaratory judgment.[3]  The appellees later
amended their petition to remove the prayer for declaratory relief, leaving
only a prayer that the trial court issue a judgment ordering that the Afull amount of
the surplus be rebated to the tax payers or that in the future, the tax payers
receive a roll back on their taxes equivalent to the amount of the surplus.@  The appellees also
requested attorneys= fees and
costs.








The case was
tried before a jury in September of 2000. 
The jury found that at the end of the 1996-1997 fiscal year, the
District had $1,132,000 in its debt service fund, $1,072,000 of which was
transferred to the maintenance and operations fund during the fiscal year
1997-1998.  The jury further found that
the District did not have outstanding bond debt at the time of the transfer of
funds.  The jury also found that ten
percent of the money would be reasonable attorneys= fees.

The trial court
issued a judgment ordering the District to implement one of the following
alternatives: (1) reimburse each person in the District who paid school taxes
in 1996 and 1997 a pro rata share of the $1,132,000 surplus, plus five
percent interest; (2) credit each current taxpayer in the District a pro
rata share of the surplus, plus five percent interest; or (3) hold a
referendum election to enable taxpayers within the District to determine if the
District should reimburse the taxpayers, credit the taxpayers, or use the
surplus for the construction of specific future school projects.  The trial court also awarded appellees all court costs and $132,196.00 in attorneys= fees.

The District
challenges the judgment of the trial court with four issues,[4]
arguing that: (1) the relevant sections of the Texas Education Code do not
prevent a school district from creating a surplus in its interest and sinking
fund by collecting an unauthorized tax, and further, there is no duty to refund
that surplus; (2) the trial court lacked subject matter jurisdiction because
the appellees had administrative remedies which they
did not exhaust; (3) the appellees were not entitled
to an award of attorneys= fees; and (4)
the appellees were not legally entitled to an award
of prejudgment interest.

Voluntary
Payment








In its second
issue, the District argues that the trial court did not have subject matter
jurisdiction in this case because the appellees
failed to exhaust their administrative remedies.[5]  Appellants argue that the tax code provides
an administrative process for protesting the imposition of ad valorem taxes and obtaining a tax refund.  In the course of arguing this issue,
appellant points out that appellees did not protest
the imposition of the ad valorem tax at issue
in this case.  We read this as including
an argument that the appellees paid the tax
voluntarily.  Tex. R. App. 38.1(e).  

It  has long been the law in Texas that taxes
voluntarily paid may not be recovered by the taxpayer, even if the tax is
illegal.  State v. Connecticut Gen.
Life Ins. Co., 382 S.W.2d 745, 746 (Tex. 1964); Johnson Controls, Inc.
v. Carrollton‑Farmers Branch Indep. Sch. Dist., 605 S.W.2d 688, 689 (Tex. Civ. App.BDallas 1980,
writ ref=d n.r.e.); Amplifone
Corp. v. Cameron County, 577 S.W.2d 567, 569 (Tex. Civ.
App.BCorpus Christi
1979, no writ).  The recognized
exceptions to the rule against the recovery of voluntary payments of an illegal
tax are: (1) fraud; (2) express or implied duress; and (3) mutual mistake of
fact.  Salvatore v. Houston Indep. Sch. Dist.,
709 S.W.2d 306, 308 (Tex. App.BHouston [14th
Dist.] 1986, writ dism=d w.o.j.); San
Antonio Indep. Sch. Dist.
v. Nat=l Bank of
Commerce of San Antonio, 626 S.W.2d 794, 797 (Tex. App.BSan Antonio 1981, no writ).








At trial,
Francis Rogers testified as class representative.  Rogers was the only plaintiff to
testify.  Rogers stated that he is a
concerned citizen and has Aalways been
involved,@ because of his
belief that his tax money has been spent unwisely.  Rogers stated that he challenges governmental
entities that misuse his tax money. 
Rogers frequently attends meetings of the District=s Board of
Trustees and was doing so at the time the $0.19 tax in question was
levied.  Rogers testified that he was
familiar with laws requiring the publication of the District=s tax rate and
the laws involved in challenging that tax rate.

There is no
evidence of duress or mutual mistake of fact in the record.  The record contains documents from the
District showing the tax rates and the level of indebtedness.  This information was available to
taxpayers.  The jury found that Rogers did
not pay the taxes levied by the District for the 1996-1997 under a written
protest.  See Tex. Tax Code Ann. ' 31.115 (Vernon
2001) (payment of an ad valorem tax is
involuntary if the taxpayer indicates that the tax is paid under protest on the
instrument by which the tax is paid, or in an accompanying document).  The record shows that Rogers voluntarily paid
the ad valorem taxes that he now seeks to have
refunded, and because none of the recognized exceptions are applicable, the appellees= claim is
precluded under Texas law.[6]

The judgment of
the trial court is REVERSED and judgment RENDERED that appellees
take nothing.

                                                                          
                                                                

LINDA REYNA YAÑEZ

Justice

 

Do not publish. 
Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

16th day of May, 2002.

 











[1]Retired
Justice Melchor Chavez, assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex.
Gov=t Code Ann. '
49.09(f) (Vernon 1998).





[2]Because
appellees did not contradict the appellant=s
statement of facts as contained in its appellate brief, the facts presented in
this opinion are taken from the appellant=s
brief.  See Tex. R. App. P. 38.1(f) (in a civil
case, appellate court is to accept as true facts stated in appellant=s
brief unless another party contradicts those facts).





[3]The
plaintiffs in this lawsuit, appellees in this appeal,
are defined in the petition as John Rogers and all other taxpayers subject to
the $0.19 ad valorem tax.





[4]Appellant
lists nine issues under the heading AIssues
Presented@ in its brief;
however, in the argument section of the brief, appellant raises four
issues.  We address the issues which are
actually discussed in the argument section of the brief.  See
Tex. R. App. P. 38.1(h).





[5]Appellees
argue that the District has waived this argument on appeal by not raising it at
the trial level.  However, subject matter
jurisdiction cannot be waived.  Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440,
443‑44 (Tex.1993); Garcia-Marroquin v.
Nueces County Bail Bond Bd., 1 S.W.3d 366, 373 (Tex. App.BCorpus
Christi 1999, no pet.).  The failure of
the appellees to protest the payment of the taxes was
raised at the trial level, and thus, is properly before this Court on appeal. 





[6]There
was testimony from Agapito Navarro, the District=s
assistant superintendent for business and finance, that three people did
protest the 1996-97 tax.  However, these
three people are not identified and no evidence was adduced concerning these
people at trial by appellees.