# NO. 12-22-00222-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PRESTON L. HOWARD,* *APPELLANT* | § | *APPEAL FROM THE 188TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *PINE TREE I.S.D. AND MELISSA NEWMAN,* *APPELLEES* | § | *GREGG COUNTY, TEXAS* |

## MEMORANDUM OPINION

Preston L. Howard appeals the trial court's judgment granting Pine Tree Independent School District and Melissa Newman's Texas Rule of Civil Procedure 91a motion and dismissing Howard's lawsuit. In his sole issue, Howard contends that the trial court erred when it granted Pine Tree and Newman's Rule 91a motion to dismiss.[1] We affirm.

## BACKGROUND

The property at issue is located at 204 E Fleming Street, Longview, Texas 75604, and has a legal description of LT 38 & LT 39 BLK 6 KEY BUNT .67, identified in the Gregg County Appraisal District's records at Account 984419. The property was previously owned by Mae Lizzie Howard, and subsequently transferred to Mae's three children—Lossie D. Hopkins Howard, Ora Mae Howard Riley, and the plaintiff Preston Howard—by will at the time of her death. The district received notice of Mae's death and created an undivided interest in the property. The district assigned Lossie and Ora Mae a sixty-seven percent undivided interest, and Preston Howard a thirty-three percent undivided interest, consistent with Mae's will.

---

[1] Howard appeared pro se at trial and on appeal, and it is difficult to clearly ascertain the issue raised in his brief. The primary issue appears to be that Howard contends that he was denied the opportunity for a jury trial and to present evidence of his claim because the trial court granted Pine Tree and Newman's Rule 91a motion to dismiss his baseless cause of action.

1

The district then created two "children" accounts within the parent account to reflect the undivided interests. Account 195008 was created for Lossie's and Ora Mae's sixty-seven percent undivided interest, while Account 50016 was created for Preston Howard's thirty-three percent undivided interest. Notwithstanding the creation of the "children" accounts, ownership of the property remained an undivided interest in LT 38 & LT 39 BLK 6 KEY BUNT .67.

Unpaid taxes were owed on the property, specifically Account 195008. Preston Howard was under the misconception that if the unpaid taxes were paid, he would receive the deed to the entirety of the undivided property interests, and could then transfer a portion of the property, Lossie's and Ora Mae's sixty-seven percent undivided interest, or Account 195008, to Allison Cameron in exchange for her paying the unpaid taxes. However, Lossie and Ora Mae still held their undivided sixty-seven percent interest in the property. Nevertheless, acting under this misconception, it appears that Preston Howard made an agreement with Cameron that if she paid taxes on Account 50016, he would transfer Account 195008 to her. Several quit claim deeds were filed reflecting his attempt to transfer Account 195008. The first quit claim deed was filed February 15, 2012. The second quit claim deed was filed December 11, 2012. Based on the representations made by Howard, Cameron voluntarily paid the taxes due on Account 195008.

After learning of their mistake, Cameron filed a request that she be refunded the payments. Gregg County Appraisal District refunded to her its portion of the payments made by Cameron. However, Pine Tree, which has its own tax assessor/collector (Newman), opted to retain its portion of the delinquent taxes paid by Cameron, citing the "voluntary payment rule."[2] Consequently, Howard filed suit, naming himself and Cameron as plaintiffs, to obtain a refund for the payments made by Cameron to Pine Tree.[3]

## RULE 91A MOTION TO DISMISS

In his sole issue, Howard contends that the trial court erred when it granted Pine Tree and Newman's Texas Rule of Civil Procedure 91a motion to dismiss his suit as baseless.

**Standard of Review**

If a cause of action has no basis in law or fact, a party may move for dismissal under Rule 91a. TEX. R. CIV. P. 91a; *see also* **In re Farmers Tex. Cnty. Mutual Ins. Co.**, 621 S.W.3d 261,

---

[2] *See, e.g.,* **BMG Direct Mktg., Inc. v. Peake**, 178 S.W.3d 763, 768 (Tex. 2005) (discussing "voluntary payment rule").

[3] As we discuss below, Howard included Cameron as a plaintiff without her permission.

266 (Tex. 2021). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. We review whether a cause of action has any basis in law de novo. *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021).

To establish that a cause of action has no basis in law, "the defendant must demonstrate that recovery by the plaintiff is foreclosed as a matter of law—i.e., that it is legally impossible for the plaintiff to recover on the claims in its petition—because either (1) the causes of action in the petition are not recognized by Texas law or (2) the plaintiff has alleged facts that defeat those causes of action under settled law (i.e., the plaintiff has pleaded itself out of court)." *In re Shire PLC*, 633 S.W.3d 1, 19 (Tex. App.—Texarkana 2021, no pet.) (orig. proceeding) (internal citations omitted). "A plaintiff pleads himself out of court by alleging facts that render success on the merits impossible." *Id.* at 25.

In evaluating whether a cause of action has a basis in fact, we apply the Texas fair notice pleading standard, under which a petition is sufficient "if it gives fair and adequate notice of the facts upon which the pleader bases his claim." *Darnell v. Rogers*, 588 S.W.3d 295, 301 (Tex. App.—El Paso 2019, no pet.). In other words, we "assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Id.* (quoting *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007)). "If a petition provides sufficient facts to give fair notice of the claim, then a motion seeking dismissal based on lack of a basis in fact should be denied." *Id.*

We accept as true the factual allegations in the pleadings and liberally construe the pleadings in favor of the plaintiff. *HMT Tank Serv. v. Am. Tank & Vessel, Inc.*, 565 S.W.3d 799, 808 (Tex. App.—Houston [14th Dist.] 2018, no pet.). If needed, the trial court may draw reasonable inferences from the factual allegations to determine if the cause of action has any basis in law or fact. *Vasquez v. Legend Nat. Gas, LP*, 492 S.W.3d 448, 450 (Tex. App.—San Antonio 2016, pet. denied). However, a court may not consider evidence and must decide the motion "based solely on the pleading of the cause of action, together with any pleading exhibits permitted by [Texas Rule of Civil Procedure] 59." TEX. R. CIV. P. 91a.6. "A motion to dismiss . . . must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." TEX. R. CIV. P. 91a.2. Finally, when the trial court does not specify the ground on which it relied, a party appealing the grant of a motion to dismiss under Rule 91a must challenge every

3

ground on which the trial court could have granted the motion. ***Emmanuel v. Izoukumor***, 611 S.W.3d 453, 458 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

## Applicable Law

Standing is a component of subject matter jurisdiction. ***Farmers Tex. Cty. Mut. Ins. Co. v. Beasley***, 598 S.W.3d 237, 240 (Tex. 2020). Subject matter jurisdiction is essential to the authority of a court to decide the merits of the plaintiff's claims. *See* ***Texas Ass'n of Bus. v. Texas Air Control Bd.***, 852 S.W.2d 440, 443–45 (Tex. 1993); ***Save Our Springs All., Inc. v. City of Dripping Springs***, 304 S.W.3d 871, 878 (Tex. App.—Austin 2010, pet. denied). Standing is a threshold requirement to maintaining a lawsuit. *See* ***Heckman v. Williamson Cty.***, 369 S.W.3d 137, 150 (Tex. 2012) (citations omitted).

Standing to sue means that the party in question has a sufficient stake in the matter in controversy to obtain a judicial resolution of that dispute. ***Walters v. Livingston***, 519 S.W.3d 658, 665 (Tex. App.—Amarillo 2017, no pet.). The general test for standing is whether there is a real controversy between the parties that will actually be determined by the judicial declaration sought. ***Id.*** Standing focuses on the question of who may bring a lawsuit. ***Patterson v. Planned Parenthood***, 971 S.W.2d 439, 442 (Tex.1998).

"To maintain standing, a plaintiff must show: (1) an injury in fact that is both concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) that the injury is fairly traceable to the defendant's challenged action; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." ***Data Foundry, Inc. v. City of Austin***, 620 S.W.3d 692, 696 (Tex. 2021). Regarding the first element, a plaintiff must establish he was "personally injured—he must plead facts that demonstrate that he, himself (rather than a third party or the public at large), suffered the injury." ***Farmers Tex. Cty. Mut. Ins. Co.***, 598 S.W.3d at 241; ***Heckman***, 369 S.W.3d at 154.

In determining whether a plaintiff has alleged a concrete injury sufficient to meet the standing requirement, courts look to the plaintiff's pleadings. *See* ***Tex. Ass'n of Bus.***, 852 S.W.2d at 446 (citation omitted). The plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause. ***Id.*** If, after examining the pleadings and any undisputed standing evidence, the court concludes that standing does not exist, the case must be dismissed. *See* ***Heckman***, 369 S.W.3d at 150.

Because it is a component of subject matter jurisdiction, standing cannot be waived and may be raised for the first time on appeal. *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018). "A court can—and if in doubt, must—raise standing on its own at any time." *Id.* (citing *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 580 (Tex. 2013)). We review questions of standing de novo. *Farmers Tex. Cty. Mut. Ins. Co.*, 598 S.W.3d at 240.

**Discussion**

The precise issue raised in Howard's pro se brief is unclear.[4] As best we can ascertain from the brief, Howard's sole issue appears to be his contention that the trial court erred when it granted the Rule 91a motion to dismiss, which he argues precluded him from presenting testimony from witnesses and evidence in a jury trial.

At the outset, we note that the express purpose of Rule 91a is to efficiently dispense with claims that, on the face of the pleadings, have no basis in law or fact—i.e., in cases where the presentation of evidence in a jury trial is unwarranted. *See* TEX. R. CIV. P. 91a.1. Furthermore, except in the case of pleading exhibits attached to the petition under Rule 59, the court may not consider any evidence in ruling on the motion. *See* TEX. R. CIV. P. 91a.6.

The petition, response to the motion, and Howard's pro se appellate brief do not specifically set out a cause of action. When asked at the Rule 91a motion hearing, Howard could not identify a specific cause of action. Construing these documents liberally, it appears that Howard attempts to raise an unjust enrichment claim against Pine Tree and Newman. Namely, it seems that he alleges that the payments for delinquent taxes made by Cameron on the property that she did not own unjustly enriched Appellees, and those funds should be refunded.

Pine Tree responds, claiming in its Rule 91a motion, that the claim has no basis in law or fact because Cameron's payments qualify as a "voluntary payment" that Pine Tree need not refund. Money voluntarily paid on a claim of right, with full knowledge of all the facts, in the absence of fraud, deception, duress, or compulsion, cannot be recovered merely because the

---

[4] We construe an appellant's pro se brief liberally. *See* TEX. R. APP. P. 38.9; *Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) (explaining pro se pleadings and briefs are to be liberally construed); *see also* *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989) (stating a reviewing court construes points of error liberally to obtain a just, fair, and equitable adjudication of the parties' rights). Nevertheless, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Interest of A.E.*, 580 S.W.3d 211, 219 (Tex. App.—Tyler 2019, pet. denied). Otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. *Muhammed v. Plains Pipeline, L.P.*, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.). "The appellate court has no duty to brief issues for an appellant." *Interest of A.E.*, 580 S.W.3d at 219.

party at the time of the payment was ignorant of or mistook the law as to his liability. ***BMG Direct Mktg., Inc. v. Peake***, 178 S.W.3d 763, 768 (Tex. 2005).

When a plaintiff sues for restitution claiming a payment constitutes unjust enrichment, a defendant may respond with the voluntary payment rule as a defense to the unjust enrichment claim. ***XTO Energy Inc. v. Goodwin***, 584 S.W.3d 481, 498 (Tex. App.—Tyler 2017, pet. denied). In the taxation context, the voluntary payment rule secures (1) taxing authorities in the orderly conduct of their financial affairs; (2) the government's exceedingly strong interest in financial stability; and (3) the age-old policy of discouraging litigation with the government. ***Dall. Cty. Cmty. Coll. Dist. v. Bolton***, 185 S.W.3d 868, 876-77 (Tex. 2005) (internal quotations and citations omitted).

A mistake of law, such as Howard's and Cameron's mistaken belief that payment of the delinquent taxes would result in the taxing authority providing them a deed, does not except them from the voluntary payment rule. *See id.* at 773. Similarly, a reimbursement for a mistake of fact is an exception to the voluntary payment rule, but it must be a mutual mistake of fact by the parties, and there is no allegation that Pine Tree or Newman were operating under a mistake of fact as to the payment of the delinquent taxes. *See* ***Salvaggio v. Houston Indep. Sch. Dist.***, 709 S.W.2d 306, 308 (Tex. App.—Houston [14th Dist.] 1986, writ dism'd).

In any event, we need not evaluate these claims, because we hold that Howard lacks standing to assert the claim he pleaded, and we are therefore without subject matter jurisdiction to resolve the issue. Accordingly, without subject matter jurisdiction, the trial court properly granted the Rule 91a motion and dismissed the suit, because it had no basis in law as pleaded by Howard, even under a liberal construction of the petition, the exhibits he attached to the petition, along with any reasonable inferences therefrom.

Specifically, the Rule 91a motion states as follows:

> This case involves a claim by Plaintiff Preston L. Howard ("Howard"), a non-lawyer, on behalf of Plaintiff Allison Cameron ("Cameron"), claiming that Defendants took personal property from the Plaintiffs without due process. Specifically, Plaintiffs allege that Defendants refused to refund taxes voluntarily paid by Cameron on a property she did not own.

The motion went on in relevant part as follows: "Howard has asserted no independent claim, and to the extent Howard references Cameron's claims, all taxes were paid voluntary[il]y by Cameron."

6

Pine Tree and Newman did not specifically file a plea to the jurisdiction, but by including the above assertions in their Rule 91a motion to dismiss, arguably raised the subject matter jurisdiction issue challenging Howard's standing to institute the suit. At the time, Cameron was also identified as a plaintiff, so Pine Tree and Newman's motion went on to raise other substantive challenges to Howard's suit, such as application of the voluntary payment rule. Irrespective of whether raised, we must address subject matter jurisdiction, of which Howard's standing is a component, on our own when warranted. *Meyers*, 548 S.W.3d at 484; *Fin. Comm'n of Tex.*, 418 S.W.3d at 580.

A careful review of Howard's petition and attached exhibits, construed liberally, reveals that he seeks a refund for the payments made by Cameron. He has not alleged any facts he was personally injured. He failed to "plead facts that demonstrate that he, himself (rather than a third party or the public at large), suffered the injury." *Farmers Tex. Cty. Mut. Ins. Co.*, 598 S.W.3d at 241; *Heckman*, 369 S.W.3d at 154. The petition alleges that Cameron, a third-party, suffered an injury by making the payments and that Pine Tree and Newman were unjustly enriched thereby.[5] Howard initially named Cameron as a plaintiff in the suit, but he did so without her authority. Specifically, at the Rule 91a hearing, Cameron appeared and the following colloquy occurred:

> MS. CAMERON: Okay. I was not -- Mr. Howard named me in this lawsuit, but I wanted nothing to do with it.
>
> THE COURT: Okay. So he's not representing you.
>
> MS. CAMERON: No.
>
> THE COURT: And you didn't give him authority to file this on your behalf?
>
> MS. CAMERON: No.
>
> THE COURT: Okay. So he just named you plaintiff without your permission?
>
> MS. CAMERON: Yes.
>
> THE COURT: Okay. So do you want me to take you out of this lawsuit?
>
> MS. CAMERON: Yes.

---

[5] Furthermore, Howard has not alleged any facts to show that he was authorized to have standing to enforce Cameron's rights as a third party. *See, e.g., S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 305-08 (Tex. 2007). (discussing third party standing). In fact, the pleadings and attached exhibits show that he has no standing to bring this particular cause of action and suit.

THE COURT: Okay. I'm going to grant that relief. So you can stay if you want to, or you can leave.

MS. CAMERON: Okay.

THE COURT: Whatever you want to do. But legally, legally, he can't put you in there with plaintiffs unless, one, he's an attorney; unless, two, he has your authority. So he just named you as a plaintiff without your permission. He didn't have a right to do that. Mr. Howard, I'm not telling you what to do, but you can't legally do that. You understand what I'm saying?

MR. HOWARD: I didn't -- I didn't know.

THE COURT: I know. That's why I'm telling you now, so you don't do that in the future. You can't legally represent somebody unless you have a bar number and you have their permission. You see what I'm saying?

MR. HOWARD: I understand all that.

THE COURT: Okay. You may not know the law, but there's a law, barratry, where you can't legally -- you can't legally represent somebody or claim to represent somebody without their authority, one, and two, a law license. Do you understand?

MR. HOWARD: (Nods head up and down).

Howard also claims that the attached exhibits to his petition show that he suffered harm in Pine Tree's and Newman's failure to refund the payments. We disagree. In fact, those documents show the contrary. For instance, the receipts detailing the payments specifically identify Cameron as the payor. He also points to the request for the refund, but that request is a handwritten note authored and signed by Cameron, not Howard.

Without a particularized injury for which Howard could seek redress under the cause of action he alleged, Howard lacks standing to maintain this suit, the trial court was without subject matter jurisdiction to resolve it, and the trial court properly dismissed Howard's suit. *See* TEX. R. CIV. P. 91a.1; *Farmers Tex. Cty. Mut. Ins. Co.*, 598 S.W.3d at 241; *Heckman*, 369 S.W.3d at 154.

Accordingly, Howard's sole issue is overruled.

## DISPOSITION

Having overruled Howard's sole issue, the judgment of the trial court is *affirmed*.

8

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered April 28, 2023.
*Panel consisted of Worthen, C.J., Bass, Retired J., Twelfth Court of Appeals, sitting by assignment; Hoyle, J. and Neeley, J., not participating.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 28, 2023**

**NO. 12-22-00222-CV**

**PRESTON L. HOWARD,**
Appellant
V.
**PINE TREE I.S.D. AND MELISSA NEWMAN,**
Appellees

---

Appeal from the 188th District Court

of Gregg County, Texas (Tr.Ct.No. 2022-837-A)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, all costs of this appeal are assessed against Appellant, **PRESTON L. HOWARD**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Bass, Retired J., Twelfth Court of Appeals,*
*sitting by assignment;*
*Hoyle, J. and Neeley, J., not participating.*